Ex parte ROY J. SISTRUNK.

No. A-10831. March 12, 1947.

(178 P. 2d 627.)

18

 

Homer Cowan, of Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam Lattimore, Asst. Atty. Gen., and James R. Hester, County Atty., of Norman, for defendant in error.

JONES, J. This is an original proceeding instituted by the petitioner, Roy J. Sistrunk, for the purpose of being admitted to bail upon a charge of robbery with firearms now pending against him in the district court of Cleveland county.

The verified petition alleges that the said Roy J. Sistrunk is deprived of his liberty and restrained in the county jail of Cleveland county by reason of a commitment issued by the county judge of Cleveland county, committing him to the county jail after a preliminary examination had on a complaint wherein the petitioner was charged with having committed the crime of robbery with firearms; that an information was filed in the district court of Cleveland county on January 7, 1947, charging the petitioner with the crime of robbery with firearms allegedly committed upon the person of one Kenneth Rutledge on July 19, 1946; that the proof is not evident nor the presumption thereof great that petitioner is guilty of a capital offense; that petitioner has made application to be admitted to bail to the district court of Cleveland county, which application was denied.

Attached to the petition and made a part thereof was a transcript of the evidence taken at the hearing before the district court of Cleveland county upon the application for bail. At the hearing before this court, the petitioner testified in his own behalf in support of his application, and other witnesses also testified in behalf of the petitioner in support of his alibi. It was the contention of the petitioner that he was outside the State of Oklahoma and in Rawlins, Wyo., at the time the alleged crime occurred.

Article 2, section 8 of the Oklahoma Constitution provides as follows:

"All persons shall be bailable by sufficient sureties, except for the capital offenses when the proof of guilt is evident, or the presumption thereof is great."

Title 22, O. S. 1941 § 1102, provides as follows:

"Bail, by sufficient sureties, may be admitted upon all arrests in criminal cases where the punishment may be death, unless the proof is evident or the presumption great; and in such cases it shall be taken only by the Criminal Court of Appeals or a district or superior court, or by a justice or judge thereof, who shall exercise their discretion therein, having regard to the nature and circumstances of the offense, and of the evidence and to the usages of law; but if the case has been tried by jury, and the jury have disagreed on their verdict, then the above presumption is removed, and the defendant shall thereupon be entitled to bail, unless it shall appear to the court or judge thereof, by due proof, that such disagreement was occasioned by the misconduct of the jury."

Under the above-quoted constitutional and statutory provisions, the right to bail in a capital case is absolute, unless the proof is evident or presumption great that the defendant is guilty as charged and that in case of conviction he probably would receive a life sentence or death.

Without expressing any opinion upon the weight of the evidence, it is our conclusion that under the evidence petitioner is entitled to bail in a reasonable sum.

It is therefore ordered that the petitioner be admitted to bail in the sum of $15,000, said bond to be conditioned as provided by law, to be approved by the court clerk of Cleveland county; that when said bond is given and approved by the court clerk of said county that petitioner be discharged from custody.

BAREFOOT, P. J., and BRETT, J., concur.