## Ex parte HENRY A. PERRY.

No. A-11271.  July 20, 1949.

(208 P. 2d 967.)

Brown Moore, Stillwater, and Jess Pullen, of Oklahoma City, for petitioner.

Granville Scanland, Co. Atty., and Hubert Gibson, Asst. Co. Atty., both of Oklahoma City, for respondent.

JONES, P. J.   This is an original proceeding in habeas corpus instituted by the petitioner, Henry A. Perry, for the purpose of being admitted to bail upon a charge of murder now pending against him in the district court of Oklahoma county.

The verified petition alleges that the petitioner is now confined in the county jail of Oklahoma county, pursuant to a commitment issued by a magistrate of Oklahoma county ordering the defendant to await trial in the district court on a charge of murder.   The petition further alleged that petitioner had filed his application to be admitted to bail in the district court of Oklahoma county, but bail had been refused.

At the hearing before this court, the petitioner testified at length and was cross-examined by the county attorney concerning the alleged commission of the crime of murder upon one E. F. McFerran.   Three other witnesses testified in support of the petition concerning threats to kill the said defendant which were made by the deceased and they also testified that they told the defendant prior to the homicide of the threats that were made against him by the deceased.   No evidence was offered by the state except a transcript of the testimony taken at the preliminary examination.

We shall not make any comment upon the evidence for the reason that this cause will later be tried, and such comment is not necessary in the disposition of this particular matter.

In the case of Ex parte Sistrunk, 84 Okla. Cr. 17, 178 P. 2d 627, it is said:

"Upon application for bail by writ of habeas corpus, after commitment for capital offense by a magistrate, the burden is upon the petitioner to show that he is illegally deprived of his liberty and entitled to bail.

"A mere conflict of testimony even upon a vital issue, does not of itself entitle a defendant charged with a capital offense to be admitted to bail. The evidence must be considered as a whole, and when considered, unless the proof is evident or presumption great that defendant is guilty as charged and that upon conviction he probably would receive a life sentence or death, he is entitled to bail."

We are convinced after hearing the evidence that the petitioner has sustained the burden of showing that he is entitled to be admitted to a reasonable bond pending the trial of said cause.

It is therefore ordered that petitioner be admitted to bail in the reasonable sum of $20,000, said bond to be conditioned as provided by law, to be approved by the court clerk of Oklahoma county; that when said bond is given and approved by the court clerk of said county, petitioner be discharged from custody.

BRETT, J., concurs.