Matter of the Application of Zola Mae SEVERNS for Writ of Habeas Corpus.
No. A–12666.

Criminal Court of Appeals of Oklahoma.
Sept. 29, 1958.

See also 330 P.2d 752.

Jack L. Spivey, R. L. Dugger, Oklahoma City, for petitioner.

James W. Bill Berry, County Atty.; Harold C. Theus, First Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

PER CURIAM.

The petitioner, Zola Mae Severns, filed in this court on September 15, 1958, her petition wherein she alleges that she is unlawfully restrained of her liberty, and is unlawfully imprisoned in the county jail of Oklahoma County by Bob Turner, Sheriff, and those acting by, through and under him.

It is alleged that the restraint is by reason of a preliminary information filed in the justice court of Wendell Foster, Justice of the Peace, Oklahoma City District, acting as an examining magistrate, and where she is charged with the crime of feloniously inflicting mortal wounds upon the person of one William Forrest Siler, in the county of Oklahoma, state of Oklahoma, on August 28, 1958; that a preliminary information has also been filed with the county judge of Cleveland County, Oklahoma, acting as an examining magistrate, charging the identical offense except that it is alleged that it took place in Cleveland County. The Cleveland County officers have never obtained jurisdiction of the person of the defendant, though it is alleged that the sheriff of Oklahoma County has in his possession a warrant from Cleveland County to be executed by taking this petitioner in custody for the sheriff of Cleveland County, should bail be granted in the Oklahoma County case, involving the identical offense charged. It is alleged that bail has been denied in both Oklahoma and Cleveland Counties, and that the proof of defendant's guilt is not evident, or the presumption great. Also it is alleged that defendant is suffering from a present painful, severe and dangerous disease and that she is badly in need of medical care that cannot be furnished in the Oklahoma County jail, and that failure to get the needed treatment may prove fatal to her.

To the petition the county attorney of Oklahoma has filed a response in which he denies every allegation of petitioner's application for writ of habeas corpus, except those specifically admitted.

Respondent attaches certified copy of transcript from the justice of the peace of Oklahoma County showing that preliminary information charging defendant with murder was filed therein on August 28, 1958, and that defendant was arraigned on the same day and entered a plea of not guilty, and that on September 10, 1958, a preliminary hearing was had and that defendant was bound over to the district court

of Oklahoma County to answer the charge and on September 12, 1958, transcript was made and filed in the district court of Oklahoma County. Also attached is certified copy of information in case No. 25257, charging petitioner with the murder of William Forrest Siler, shown to have been filed in the district court of Oklahoma County. Also attached is certified copy of temporary commitment of prisoner to the sheriff of Oklahoma County, dated September 19, 1958, the district court of Oklahoma County having denied petitioner bail.

Respondent admits that he holds a certified copy of warrant for the arrest of petitioner from the county court of Cleveland County for murder, in case No. 9048 of that county, but that petitioner has never been in custody of Cleveland County officers nor been before any court of Cleveland County for arraignment or for any other reason, and bail has neither been granted nor denied in Cleveland County. It is denied that continued imprisonment may be expected to unduly or necessarily "aggravate or greatly endanger petitioner's mental or physical health, temporarily or permanently, and in any event may not be anticipated to be fatal."

Under the above state of the pleadings the matter came on for hearing before this court on September 25, 1958. Petitioner assumed the burden of establishing the allegations of her petition and testified. She admitted that on the date charged she had attempted to talk with the deceased concerning some signs that she had erected on her farm which adjoined or was near that of the deceased, and which advertised fishing in tanks or lakes on her place. She was asked whether or not she had accused the deceased of interfering with her signs, and answered "No", but said she wanted to talk with deceased about the signs; that she was in the road in her car and that he walked away from the fence and got back on his tractor. She admitted that she pointed a 22 calibre service automatic rifle in his direction, and said that she shot once to gain his attention. She denied intending to hit him. She said that she drove away and later learned of Mr. Siler's death. She claimed that in refusing to talk to her the defendant had "used bad language", which we deem not pertinent here to repeat.

On cross-examination petitioner was asked whether or not a county road separated her and the deceased at the time she got out of her motor vehicle, and shot, and she answered in the affirmative and said that she was on the north side of the road. Mr. Siler was on the south. She did not know whether or not the road was built on the Cleveland-Oklahoma county line. No evidence was introduced by petitioner to contradict the allegations of the State in the information that the shooting took place in Oklahoma County. She said that she was separated less than a block from Mr. Siler, and was "pretty close" to him.

There was admitted into evidence without objection signed statements from O. N. Coppedge, M.D., Moorman P. Prosser, M.D., and R. J. Stillwell, M.D., all physicians residing in Oklahoma City.

Dr. Coppedge examined the petitioner on September 24, 1958. He described her medical history, described a history of pain in the colon, attacks of unconsciousness, bursting headaches, etc. He found her blood pressure 260/150. He recommended immediate hospitalization.

Dr. Prosser stated that he had examined petitioner September 4, 1958, and found her "to be suffering from a mental disorder, which, in my opinion, predicated her bizarre and anti-social action. This disorder is a psychotic paranoid condition." [1] (Petitioner gave a history of seven operations on the colon.) The physician concluded: "This woman has a mental condition which should be further studied and evaluated, for confirmation of diagnosis, and attempts at treatment."

1. See concerning suggestion of mental disorder, Berwick v. State, 94 Okl.Cr. 5, 229 P.2d 604.

Dr. Stillwell's statement was essentially a confirmation of the views of the other two physicians.

This concluded petitioner's evidence, to which the respondent entered a demurrer, which was overruled, and the State was given opportunity to produce other evidence, but counsel elected not to do so, but rested.

From the above statement it is first observed that there is a question of venue; that while the information in Oklahoma County alleges that the crime charged took place in Oklahoma County, there is pending in Cleveland County a preliminary information alleging that the crime took place in that county. It was the contention of respondent in statement by counsel to the court that while Mr. Siler, the deceased, was riding his farm tractor in Cleveland County when shot, the petitioner was standing on the north portion of a county road on the Oklahoma-Cleveland county line and in Oklahoma County, and that either county had jurisdiction, but Oklahoma County having first obtained custody of the person, was entitled to hold her until the charge in question was disposed of.

The defendant has not questioned the jurisdiction of the district court of Oklahoma County, and her admissions verify the contentions of respondent.

22 O.S.1951 § 124, reads:

"When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof, constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

██ In Arnold v. State, 15 Okl.Cr. 519, 178 P. 897, 898, paragraph 10 of the syllabus by the court reads:

"Venue does not have to be proven beyond a reasonable doubt, and may be proven by circumstantial evidence; and, where there are circumstances and facts proven reasonably showing that the offense was committed partly in one county and partly in another county, the jurisdiction of the offense is in either county."

And in Troup v. State, 51 Okl.Cr. 438, 2 P.2d 591, paragraph three of the syllabus reads:

"When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof, constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

██ We conclude that jurisdiction in the within case is in either Cleveland County or Oklahoma County, but Oklahoma County, having first obtained jurisdiction of the person of the petitioner, is entitled to proceed with the prosecution, but should the prosecution end without jeopardy having attached, Cleveland County would be entitled to proceed with its case.

██ This court has always held that on a hearing of an application for bail by one informed against for murder, to determine whether or not the proof of guilt is evident or the presumption thereof great, the burden of proof is on petitioner. Ex parte Perry, 89 Okl.Cr. 393, 208 P.2d 967.

██ And in Ex parte Hubbard, 64 Okl.Cr. 18, 76 P.2d 915, and other cases, we have held:

"In capital cases the court may grant bail where peculiar circumstances appear, or where the court in the exercise of sound judicial discretion determines that the proof of guilt is not evident nor the presumption thereof great."

See in this connection Ex parte Hickerson, 95 Okl.Cr. 246, 244 P.2d 349.

This court is united in agreement that peculiar circumstances appear as to the physical and mental condition of the petitioner and the necessity of hospital treatment and observation. We do not care to elaborate on the question as to the proof of guilt.

Bail is fixed in the amount of $40,000 to be approved by the Clerk of the District Court of Oklahoma County, and the case in Oklahoma County to proceed without undue delay except for such medical treatment and observation that may be found required, as provided by law.