In the Matter of the Habeas Corpus of Zola Mae SEVERNS, Petitioner.

Olen Garner, Sheriff of Cleveland County, Oklahoma, Respondent.

No. A–12672.

Criminal Court of Appeals of Oklahoma.

Oct. 8, 1958.

Jack L. Spivey, R. L. Dugger, Sam Moore, Oklahoma City, for petitioner.

Hez J. Bussey, County Atty., Cleveland County, Norman, for respondent.

POWELL, Judge.

Herein the petitioner seeks to be released from the custody of the sheriff of Cleveland County, it being alleged that said sheriff holds her to answer a preliminary information filed before the County Judge, Cleveland County, acting as an examining magistrate, where petitioner is charged in case No. 9048 with the crime of murder.

It is further alleged that heretofore upon application of the county attorney of Cleveland County for an order of commitment that the district court of Cleveland County on September 30, 1958, ordered petitioner committed to the Central State Griffin Memorial Hospital, Norman, Oklahoma, for a period of time not exceeding ninety days, for observation. The court stayed the order for twenty-four hours to give petitioner time to apply to this court for a writ of habeas corpus.

It was stipulated that petitioner and counsel had at least twenty-four hours notice of the hearing of said application for commitment to the said state hospital for observation.

On hearing in this court on October 2, 1958 there was received in evidence a transcript of the proceedings had in the district court of Cleveland County on September 30, 1958, wherein Zola Mae Severns in case No. 18183 had filed an application for writ of habeas corpus, and also where the county attorney of Cleveland County in case No. 4173 had filed an application for order of commitment of Zola Mae Severns to the state hospital, for observation. The district court of Cleveland County found that the application in case No. 4173 was filed first and proceeded to hear evidence in support of the petition of the State and the ruling mentioned was the outgrowth of said hearing.

At hearing here it was further agreed between the parties that in addition to the transcript mentioned, this court might consider the evidence previously admitted and heard on September 25, 1958, where petitioner was held by the sheriff of Okla-

homa County and was granted bail in the amount of $40,000.00. See In re Application of Severns, Okl.Cr., 330 P.2d 748.

■ It is contended by petitioner that the order for bail mentioned settles the issue in this case, and that the sheriff of Cleveland County should release petitioner on furnishing such bail.

The county attorney of Cleveland County has filed a response in which he points out that neither the sheriff of Cleveland County nor any other official of that County were parties to the proceedings in this court on September 25, 1958, and that respondent was merely present in the court room as a spectator. A reading of the opinion by this court in that case will disclose that petitioner had never been taken into custody by the sheriff of Cleveland County. When bail was allowed at the hearing in question, the Presiding Judge of this court had merely cautioned the sheriff of Cleveland County that he had no jurisdiction to arrest the petitioner while she was in Oklahoma County to answer to the charge in Cleveland County, which, of course, is the law [1]; and he cautioned the sheriff of Oklahoma County and his deputies that they might not arrest the petitioner by serving the Cleveland County warrant if and after petitioner might be released on bail in Oklahoma County for the identical charge of murder pending in Cleveland County.

At this point it should be pointed out that after this court on September 25, 1958 granted bail to the petitioner for release from the Oklahoma County jail, that the county attorney of Oklahoma County dismissed the charges pending in Oklahoma County, and that immediately thereafter petitioner was arrested on the Cleveland County warrant and transported to the Cleveland County jail to answer the murder charge pending in that county. This was not· in conflict with our opinion of September 25, 1958, filed September 29, 1958, in the body of which we said:

"We conclude that jurisdiction in the within case is in either Cleveland County or Oklahoma County, but Oklahoma County having first obtained jurisdiction of the person of the petitioner, is entitled to proceed with the prosecution, but should the prosecution end without jeopardy having attached, Cleveland County would be entitled to proceed with its case." [330 P.2d 751.]

The grounds for issuance of writ of habeas corpus set up in the present petition are essentially the same as in prior petition in case No. A–12,666, heard by this court on September 25, 1958, 330 P.2d 748, although it is additionally alleged that the county jail of Cleveland County is without a matron or any facilities to afford petitioner medical attention, diet or any relief from an alleged illness, and that the night jailor is on duty only perfunctorily.

The sheriff of Cleveland County has filed response to the petition for habeas corpus and has attached thereto a certified copy of the preliminary complaint filed in the county court of Cleveland County, charging petitioner with the crime of murder; certified copy of executed warrant of arrest, certified copy of temporary commitment following arrest, and certified copy of order of the district court of Cleveland County dated September 30, 1958 ordering petitioner committed to Central State Griffin Memorial Hospital for observation, heretofore mentioned.

■ This court has heretofore held that an order committing an accused to mental hospital for observation is interlocutory and not appealable, but that habeas corpus will lie to test the validity of order committing accused to mental hospital for observation. See In matter of Lutker, Okl.Cr., 274 P.2d 786; Ex parte Lackey, Okl.Cr., 279 P.2d 380; Brown v. State, Okl.Cr., 304 P.2d 361.

■ And it was also held that where under 43A O.S.Supp.1955 § 60, petition for

1. 19 O.S.A. § 515.1; Hutson v. State, 53 Okl.Cr. 451, 13 P.2d 216 involving fresh pursuit.

commitment of accused to a mental hospital for observation is made by or on behalf of accused, counsel for the State should be given notice and an opportunity to be heard before order of commitment is issued. Contrariwise, where the State is the applicant, defense should have at least twenty-four hours notice. In re Lutker, supra. In the within case all parties were before the court, and no question of notice raised, and it affirmatively appears that there was at least twenty-four hours notice. And while a county court is a court of record, the county judge was acting here in the capacity of an examining magistrate. If the accused was bound over to answer the charge, the transcript of the proceedings would be filed in the district court, the court having jurisdiction of the criminal proceedings. 43A, O.S.Supp.1955 § 60. We therefore conclude that the district court of Cleveland County had jurisdiction to hear and determine the issues presented by the petition of the State for an order committing Zola Mae Severns to the hospital for observation.

On October 2, 1958 after determining the jurisdiction of the district court of Cleveland County, this court recessed to consider the record evidence and the legal points presented.

In our opinion following hearing on September 25, 1958, 330 P.2d 751, we said, in the concluding paragraphs of the opinion:

"This court is united in agreement that peculiar circumstances appear as to the physical and mental condition of the petitioner and the necessity of hospital treatment and observation. We do not care to elaborate on the question as to the proof of guilt.

"Bail is fixed in the amount of $40,-000 Dollars to be approved by the Clerk of the District Court of Oklahoma County, and the case in Oklahoma County to proceed without undue delay except for such medical treatment and observation that may be found required, as provided by law."

It will thus be observed that the determining factor causing the court to grant bail was the apparent physical and mental condition of the petitioner. The county attorney of Oklahoma County had demurred to petitioner's evidence where she had offered written statements of three physicians (admitted without objection), and elected to present no evidence in rebuttal, and up to that point had taken no action under 43A O.S.Supp.1955 § 60.

The district judge of Cleveland County had for determination, so far as the petition of the county attorney to commit was concerned, whether accused should be sent to a state hospital for observation or should the order be denied and the examining magistrate permitted to proceed with the preliminary hearing by reason of the complaint pending in his court; and if the court should determine that the case proceed, whether then by reason of the petition for writ of habeas corpus in case No. 18,183, the accused petitioner was entitled to bail. But, as stated, commitment was ordered. Such order precluded bail.

The section of the Mental Health law involved (43A, O.S.Supp.1955 § 60) reads:

"If any person is held in confinement because of criminal charges, or if he has criminal charges pending or likely to be filed against him, or if he has been taken into custody because of a criminal act or acts, and the question arises as to his sanity or state of mental health, such individual may be ordered *by a court of record having jurisdiction of the criminal proceedings* into a State hospital within the Department for observation for a period of not to exceed ninety (90) days." (Emphasis supplied.)

Counsel for petitioner argues that the commitment ordered by the district court deprives petitioner of her constitutional right to a speedy trial (Okl.Const. Art. II, § 20). Petitioner by the letter from Dr. Prosser raised the question. Her own physician classed her as an hypochondriac. It was evident from the record made by petitioner that she was in apparent need of observation and medical treatment. The court needed the findings of

competent medical advisers observing petitioner over a period of time, rather than a perfunctory or isolated examination, to determine whether or not accused was competent to make a rational defense. We have heretofore determined that such periods in a hospital do not violate the constitutional provisions in question. See Davis v. State, Okl.Cr., 300 P.2d 1000.

At the completion of the observation period, the preliminary hearing should proceed, and if probable cause is shown and accused is bound over to the district court for trial and the question of the present sanity of the accused is still present, prior to trial a jury would have to be impanelled to decide such question, as provided by 22 O.S.1951 §§ 1162–1169; Davis v. State, supra; Acuff v. State, Okl.Cr., 283 P.2d 856. See also Kobyluk v. State, 94 Okl.Cr. 73, 231 P.2d 388; Bingham v. State, 82 Okl. Cr. 5, 165 P.2d 646.

By reason of the facts stated, it is the conclusion of this court that no interference should be made with the plan for observation and hospitalization of petitioner at this time, and, accordingly, the issuance of writ of habeas corpus is denied.

.BRETT, P. J., and NIX, J., concur.