## ARTHUR WEATHERFORD v. STATE.

No. A-4721.   Opinion Filed March 28, 1925.
Rehearing Denied April 11, 1925.
(234 Pac. 779.)

(Syllabus.)

Preliminary Examination—Irregularities of Clerical Nature by Magistrate not Necessarily Jurisdictional. The jurisdiction of the district court rests upon the findings of a magistrate in a preliminary hearing, but irregularities of a mere clerical nature committed by the magistrate, or irregularities in filing such findings, are not necessarily jurisdictional.

Appeal from District Court, Atoka County; J. H. Linebaugh, Judge.

Arthur Weatherford was convicted of the larceny of live stock, and he appeals. Affirmed.

C. McCasland, for plaintiff in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.   Arthur Weatherford, plaintiff in

error, here designated the defendant, was convicted of the larceny of a calf. The jury fixed his punishment at confinement in the penitentiary for two years.

Without reciting the details, the evidence is clear and convincing that the theft was committed by the defendant as charged. His only claim of justification is that his accomplice in crime turned informer and assisted in trapping him, which of course is no defense at all.

Defendant claims that the district court was without jurisdiction because the examining magistrate had not properly certified and filed his findings with the district court. This contention is also without merit. The record shows that a preliminary hearing had been held before a magistrate, in which the defendant was held to answer the charge of larceny of live stock. The jurisdiction of the district court rests upon the findings of a magistrate in a preliminary hearing, but irregularities of a mere clerical nature committed by the magistrate, or irregularities in filing such findings may be cured, as was done in this case. Williams v. State, 6 Okla. Cr. 373, 118 P. 1006; Ponosky v. State, 8 Okla. Cr. 116, 126 P. 451; Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.