## ROY CHRISTIAN v. STATE.

No. A-7555. Opinion Filed Oct. 25, 1930.
(292 Pac. 876.)

J. R. Brewster, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted on a charge of larceny of domestic fowls, and was sentenced to serve a term of two years in the reform school.   From which sentence the defendant has appealed.

The testimony in this case shows that on the 21st day of February, 1928, Art Tallent was the owner of a flock of Rhode Island Red chickens; on the night of the 22d, or the early morning of the 23d, twenty-two or more of the chickens were taken from his home, and later the defendant and one Calvin Martin were found in possession of the chickens on the road between the defendant's home and the city of Okmulgee, Okla.; they were taken into custody and taken to jail in Okmulgee and the chickens

recovered, the prosecuting witness identifying two of them as being chickens that belonged to him, and the others by their appearance as being his chickens. While at the jail at Okmulgee the prosecuting witness testified that the defendant and Martin told him, if he would not prosecute them, they would return the chickens to his home. The chickens were returned to defendant, and prosecution was instituted in Creek county, Okla., where the offense is alleged to have been committed.

The defendant introduced considerable testimony to show that Martin claimed to have bought the chickens from another party, trading him a tent for them. This is, in substance, the testimony in the case.

The chickens were found in the possession of the defendant and Calvin Martin, and identified as being the chickens belonging to the prosecuting witness, and the defendant attempts to show how they come into possession of them.

The defendant alleges the court committed eight errors in the trial of his case. The first error argued by the defendant in his brief is that the superior court of Creek county was without jurisdiction to hear and determine this case, for the reason that the defendant was not charged in the examining court by a sworn complaint, and that the complaint is only signed by J. Arthur Wilson, sheriff of Creek county, Okla., who at the most could have signed the same upon information and belief. From an examination of the record we find that the preliminary complaint was signed by J. Arthur Wilson, dated February 24, 1928, and filed in the justice court of W. H. Herman, and that W. H. Herman's name is signed to the jurat, but it is not followed by the title showing he was a justice of the peace. The record shows that upon this

complaint a warrant was issued and the defendant brought into the justice court; that he appeared in person and by attorney and waived preliminary hearing, gave bond for his appearance in the superior court of Creek county, sitting in the city of Bristow, Okla., and that the proceedings of the justice court were transmitted to and filed in the clerk's office of the superior court of the Bristow division, on March 9, 1928, and that thereafter an information was filed; the defendant appeared and waived arraignment and proceeded to trial.

It is argued by the defendant that this court did not acquire jurisdiction of his case for the reason that the original complaint was filed by J. Arthur Wilson, who could not have made the affidavit to the complaint other than upon information and belief, and the defendant cites many cases in support of his contention. The affidavit in this case is positive, and this court has repeatedly held that, where an affidavit on its face is positive in form, it is sufficient to give the court jurisdiction. The defendant cannot for the first time raise the question of the validity of the affidavit in this court. The defendant went to trial without filing any motion to the jurisdiction of the court and entered his general appearance and defended on the facts as presented by the state, and at no time in the proceedings did 'he question the validity of the affidavit to the original complaint, or to the information not being predicated upon the proper preliminary hearing.

In Steiner v. State, 33 Okla. Cr. 298, 243 Pac. 1002, this court said:

"Where an unverified complaint charging a felony is filed before a magistrate, it is insufficient to authorize the issuance of a warrant, but, if a warrant is issued on such complaint, and a defendant apprehended and arraigned

and submits to the jurisdiction of the magistrate, and has a preliminary trial on such complaint without challenging its sufficiency for lack of verification, such defect is waived."

Our statute (Comp. St. 1921, § 2959) requires that the preliminary complaint be verified. This provision of the statute is intended to safeguard the personal security, and the liberty of the indvidual, and to prevent the issuing of a warrant upon baseless and unfounded prosecution. In this case the jurat of the preliminary complaint shows to have been sworn to by J. Arthur Wilson, the jurat is signed by W. H. Herman, but does not show that W. H. Herman was a justice of the peace. The failure of the magistrate to put his title following his name after the jurat to the preliminary complaint was a clerical error which could easily have been corrected had the defendant complained at the proper time. In this case the defendant made no objection to the preliminary complaint, but entered his appearance and waived preliminary examination and was bound over to the superior court of Creek county. An information was filed in the superior court, and no question was raised to the jurisdiction of the court on the ground that the complaint before the examining magistrate was not properly verified, nor was objection made until after the defendant appealed to this court. We hold that, where the objection to the preliminary complaint is not raised until the case is appealed to this court, and it is shown by the record that the irregularity is of a mere clerical nature, the objection comes too late.

In Weatherford v. State, 30 Okla. Cr. 86, 234 Pac. 779, this court, in the syllabus, said:

"The jurisdiction of the district court rests upon the findings of a magistrate in a preliminary hearing, but irregularities of a mere clerical nature committed by the

magistrate, or irregularities in filing such findings, are not necessarily jurisdictional."

The record discloses that the court had jurisdiction of the person of the defendant and of the subject-matter, and the general appearance of the defendant, and trial upon the facts waived any irregularities in the proceedings up to that time, and the defendant cannot be heard for the first time to complain in this court.

After a careful examination of the record in this case we hold that the defendant was accorded a fair and impartial trial; that the court correctly advised the jury as to the law applicable to the facts in this case. There are no errors in the record prejudicial to the rights of the defendant.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.