## LEWIS SWARTZFEGER v. STATE.

No. A-8825. May 24, 1935.
(45 Pac. [2d] 550.)

Jno. V. Roberts, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was by an amended information jointly charged, with Howard Belk and Joe Shear, with riot and entered his plea of guilty and was sentenced to be imprisoned in the county jail for 30 days and pay a fine of $50 and costs.

The amended information upon which the defendant was sentenced, omitting the caption, the signature of the county attorney, and jurat, is as follows:

"I, the undersigned, county attorney, of Garfield county, Oklahoma, in the name, by authority, and on behalf of the state of Oklahoma, give information that on or about the 28th day of June, 1934, in said county of Garfield and state of Oklahoma, one Lewis Schwartzfeger, Howard Belk, and Joe Shear, did then and there unlawfully, willfully and wrongfully assemble with the common intent to use force and violence against the person of another, to wit: One C. S. McFarland, and then and there in furtherance of such unlawful intent, and acting together unlawfully, willfully and riotously, use force and violence against, bruise, wound and injure the said C. S. McFarland, with the unlawful and wrongful intent to do great bodily harm and injury to him, the said C. S. McFarland.

"Contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Oklahoma."

The defendant entered his plea of guilty, and was sentenced on the 29th day of June, 1934. On the following day the defendant appeared in open court, and filed his application to withdraw his plea of guilty and plead not guilty. Omitting the caption and signature, the motion to withdraw his plea of guilty is as follows:

"Comes now the defendant above named and moves the court to allow him to withdraw his plea of guilty entered in this court on the 29th day of June, 1934, for the following reasons to wit: That said plea of guilty was entered by this defendant without the aid or advice of counsel and under the belief that he was pleading guilty to fighting or a simple assault and battery. That this defendant is not in truth and in fact guilty of riot or any other similar offense."

The application of the defendant was, on the 30th day of June, 1934, overruled and defendant duly excepted, and the case is here on appeal.

Two errors have been assigned by the defendant:

"I. That the county court of Garfield county had no jurisdiction of the offense charged in the information filed herein and had no jurisdiction to pronounce the judgment and sentence against the plaintiff in error.

"II. That the court erred in refusing to allow this plaintiff in error to withdraw his plea of guilty and plead not guilty to said information, to which the defendant at the time duly excepted."

Section 2006, C. O. S. 1921, now section 2534, O. S. 1931, defines "riot." Said section reads as follows:

"Any use of force or violence, or any threat to use force or violence if accompanied by immediate power of execution, by three or more persons acting together and without authority of law, is riot."

It will be observed that such section does not fix the punishment for riot, but the punishment is fixed by section 2535, O. S. 1931, which in four separate instances, as named, provides a punishment in the state penitentiary for said offense; the fifth subdivision provides a punishment as for a misdemeanor. This statute therefore is not materially different from other statutes defining crimes and providing punishments, both in the penitentiary or for a lesser punishment. It is only the wording of this statute that is different.

Under section 1766, O. S. 1931, a "felony" is defined as a crime, which is or may be punishable by death or imprisonment in the state penitentiary. Section 1767, Id., provides that every other crime is a misdemeanor. Riot is a crime which may be punishable by imprisonment in

the state penitentiary. That classifies it, according to our code, as a felony. Where riot is charged, irrespective of the allegations in the 'complaint or information, the examining magistrate has no jurisdiction other than to hold a preliminary examination and certify the case, if the facts warrant, to the proper court for trial. In that court it may then be determined under which subdivision of section 2535, supra, the punishment shall be inflicted.

Section 12, art. 7, of the Constitution of Oklahoma, among other things, in defining the jurisdiction of the county court, states:

"It shall have such appellate jurisdiction of the judgments of justices of the peace in civil and criminal cases as may be provided by law, or in this Constitution. The county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which justices of the peace have not jurisdiction."

It will thus be seen that the county court is without jurisdiction to try and sentence a person charged with a felony. The information in this case charges the defendants with a common intent to use force and violence against the person of C. S. McFarland, and with the unlawful, riotous, and wrongful intent to do him great bodily harm. This information sufficiently charges the offense of riot. Under our statute, riot being a felony, the county court of Garfield county was without jurisdiction to try or sentence the defendant on a charge of riot. The motion of the defendant to withdraw his plea of guilty and set aside the judgment and sentence should have been sustained.

For the reasons stated herein, the case is reversed, with directions to the county court to dismiss the same.

EDWARDS and DOYLE, JJ., concur.