[Crim. No. 1847. First Appellate District, Division Two.—September 4, 1935.]

THE PEOPLE, Respondent, v. THOMAS F. CALHOUN, Appellant.

Thomas F. Calhoun, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Scibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was charged with a violation of section 476a of the Penal Code, alleged to have been committed on January 25, 1934. The jury found against defendant on his pleas of not guilty and not guilty by reason of insanity and defendant was sentenced to the state prison at San Quentin on March 20, 1934. No motion for a new trial was made nor was any appeal taken from the judgment. Thereafter on February 8, 1935, defendant filed in the superior court a petition for a writ of error *coram nobis*. A hearing was had and said petition was denied. Defendant appeals from the order denying said petition.

It was alleged in said petition that defendant was duly adjudicated an insane person in the state of North Dakota in 1928; that he was thereafter confined in the North Dakota State Hospital for Insane from which he subsequently escaped; that defendant had not been restored to capacity by any court and that said judgment of insanity remained in full force and effect; that at the time of his arraignment and again at the time of the trial on the above-mentioned charge, defendant moved the court for a dismissal of the information on the ground that defendant was an insane person and filed with the court "an exemplified copy of the 'judgment roll' of the North Dakota court showing petitioner to be an insane person", but that the court refused to grant said motion.

The facts alleged in said petition were not controverted but it affirmatively appears that every fact alleged therein was before the trial court prior to the conviction of said defendant. A reading of the petition discloses that defendant claims that the trial court erred on the original trial in refusing to treat the prior commitment to the state hospital in North Dakota as conclusive evidence of defendant's insanity at the time of the commission of the offense and at the time of the trial. We find no error in the trial court's rulings on the original trial (*People* v. *Willard*, 150 Cal. 543 [89 Pac. 124]; *People* v. *Gilberg*, 197 Cal. 306 [240 Pac. 1000]; *People* v. *McConnell*, 80 Cal. App. 789 [252 Pac. 1068]; *People* v. *Prosser*, 56 Cal. App. 454 [205 Pac. 869]), but even assuming that the trial court erred in said rulings,

defendant had an adequate remedy either by way of motion for new trial or by appeal. We therefore conclude that the trial court properly denied defendant's petition for a writ of error *coram nobis*. (*People* v. *Reid*, 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435]; *People* v. *Mooney*, 178 Cal. 525 [174 Pac. 325]; *People* v. *Paysen*, 123 Cal. App. 396 [11 Pac. (2d) 431]; 8 Cal. Jur. 480, sec. 496.)

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 19, 1935.