Wilson James BROWN, Lucy Brown now Smith, Charles Brown, Loren Levi Brown, and James Floyd Lewis, Plaintiffs In Error,

v.

Price McKINNEY, Defendant In Error.

No. 36198.

Supreme Court of Oklahoma.

Nov. 30, 1954.

Rehearing Denied Jan. 25, 1955.

King & Wadlington, Carloss Wadlington, Ada, for plaintiffs in error.

W. V. Stanfield, Ada, for defendant in error.

O'NEAL, Justice.

The plaintiffs in error, who were plaintiffs and interveners in the trial court, will be referred to as plaintiffs, and the defendant in error will be referred to as defendant.

The plaintiffs and interveners in the trial court alleged that they were heirs at law of Scott Brown, a full-blood Choctaw Indian who died on March 12, 1950, the owner of the land here involved.

The record discloses that on March 16, 1950, the defendant, Price McKinney, filed the last will and testament of Scott Brown for probate in the County Court of Pontotoc County, Oklahoma. Notice of the hearing was served on all interested parties, including a notice upon the Superintendent of the Five Civilized Tribes, and upon Luster Cook, United States Probate Attorney.

On the 28th day of April, 1950, plaintiff, James Floyd Lewis appeared by his guardian and by attorneys, McArthur and Orton, and in behalf of said minor filed a contest of the will. All other plaintiffs appeared by their attorney, Claude V. Thompson. Luster Cook, United States Probate Attorney, appeared for the United States Government. The County Judge of Pontotoc County, Tom D. McKeown, had approved the will of Scott Brown, deceased, and therefore he filed his disqualification. A. W. Trice, a member of the bar of Pontotoc County was appointed as Special County Judge in the Matter of the Estate of Scott Brown, deceased.

The hearing on the contest of the will was postponed until May 11, 1950, and prior to said date all plaintiffs represented by Claude V. Thompson filed contests to the will. At said hearing all plaintiffs appeared either in person, by guardian, or by their respective attorneys. The proponent of the will, Price McKinney, appeared in person and by attorney. Luster Cook, Probate Attorney appeared for the United States Government.

On May 11, 1950, an order was entered by the County Court admitting the will to probate. On the 23rd day of April, 1951, the present action was filed in the District Court of Pontotoc County by the plaintiff, Wilson James Brown, to cancel and set aside a certain quitclaim deed executed by him to Price McKinney, covering his alleged interest in the land here involved. Thereafter, all other plaintiffs filed petitions of intervention to cancel their deeds to McKinney. The stated consideration for these deeds was the sum of $3,000; one-third each to the plaintiffs, Wilson James Brown and Lucy Brown, now Smith, and an undivided one-ninth interest to each of the other named plaintiffs. These conveyances purported to quitclaim whatever interest plaintiffs, as heirs, had in the land formerly owned by Scott Brown, deceased.

Plaintiffs, at the time of filing their action in the District Court to cancel the deeds referred to, also filed in the County Court of Pontotoc County in the matter of the estate of Scott Brown, deceased, their respective petitions to revoke the probate of the will, and also a contest of the will after probate.

Plaintiffs' separate petitions alleged in substance the filing of the will of Scott Brown, deceased, for probate, the filing of their contest thereto, and the order of the County Court admitting the will to probate; they alleged that there was not in fact a bona fide contest of said will as their attorneys had entered into an agreement with the proponent of the will, Price McKinney, defendant in the present action; that the will would be admitted to probate and that Price McKinney would pay plaintiffs and their attorneys a gross sum of $3,000 in consideration that there would be no bona fide contest made for quitclaim deeds to be executed by plaintiffs to McKinney; that plaintiffs would not have signed said deeds or petitioned the County Court to approve them had they known the true facts. Further, they alleged that the compromise agreement was entered into by their attorneys without their authority or consent.

The trial court found the issues generally in favor of the defendant. Plaintiffs appeal from the judgment denying them the relief prayed for. Plaintiffs' appeal presents alleged errors as follows:

(1) The judgment is not sustained by sufficient evidence and is contrary to the evidence and contrary to law as to each of the plaintiffs in error.

(2) The court erred in refusing to admit competent and material evidence offered by plaintiffs in error, and each of them.

The case is unique in that plaintiffs' principal reliance for a reversal is the alleged absence of authority of plaintiffs' own attorneys to represent them in the manner disclosed by the record; that the procurement of the orders approving the deeds and the settlement of the guardian's claims in the property of the estate of Scott Brown, deceased, were obtained by their attorneys without their consent or approval.

█ In our disposition of the case we deem it pertinent to note that plaintiffs do not assert that the defendant made any false representation to any of them. The evidence supports the conclusion that the defendant was fully warranted in relying upon the apparent authority of plaintiffs' attorneys to enter into and make an enforceable settlement of their clients' cause of action. The record discloses that Claude V. Thompson, as attorney for the plaintiff, Wilson James Brown, notified him by letter, under date of July 14, 1950, that his petition for approval of his deed to the defendant had been obtained, which letter notified him that he would receive two-thirds of the agreed settlement. The letter enclosed the quitclaim deed for his signature which he executed and mailed back to his attorney.

Plaintiff, Lucy Brown Smith, testified that she employed Mr. Thompson to represent her in the estate matter and that she filed a petition for the approval of the deed executed by her to the defendant; that she read the petition and the deed before signing the same, and that her attorney advised her of the terms of the tentative settlement under which she was to receive two-thirds of the amount thereof. She stated she agreed to the settlement and received a check therefor which she cashed.

The guardian of plaintiffs, Charles Brown and Loren Levi Brown, testified that she employed Mr. Thompson to represent said plaintiffs, and also to represent Wilson James Brown under a power of attorney, and that Mr. Thompson represented them in the County Court in the estate matter. Her denial that she testified in the estate matter in the County Court is not supported by the record. The transcript of those proceedings, introduced in evidence at the trial, disclosed that she testified at the hearing to probate the will and that she made no objections thereto.

The guardian of James Floyd Lewis testified as to her employment of Attorney McArthur to represent her in the County Court proceedings; that McArthur fully informed

her of the nature of the settlement proposed is disclosed by the guardian's testimony as follows:

"Q. Mr. McArthur went over all the matters with you? A. Yes, he did the first time.

"Q. And he did when you went in to the County Court to get that approval, didn't he? A. Yes; all but this last time, I didn't ask him."

Mr. Thompson, as a witness, testified that he knew where the land here involved was located and its value, including the oil production thereon; that he had made a thorough investigation of his clients' claims as heirs of Scott Brown, deceased, and was of the opinion, and so advised his clients, that the agreed compromise and settlement was to their best interest; that the settlement was agreed upon by plaintiffs who were under guardianship, and the respective amounts of the settlement agreed upon was paid to them.

The United States Probate Attorney testified that he was present at the hearing of the probate of the will; that all the minors were represented by their attorneys; that he examined witnesses called in that hearing, and that prior to said hearing he had discussed the proposed compromise and settlement of plaintiffs' claims as heirs in the estate of Scott Brown, deceased, with Mr. McArthur. That approximately ten months prior to the filing of the contest proceedings, he told Attorneys McArthur and Thompson that he didn't like the settlement. However, he testified he did not so advise the County Judge.

Mr. McArthur, attorney for the plaintiff, James Floyd Lewis, testified that he was employed by the guardian of Mr. Lewis to represent him in the probate matter; that he and Mr. Thompson made a thorough investigation of their respective clients' claims to recover as heirs of Scott Brown, deceased; that he kept the guardian informed of all facts discovered, and advised the Probate Attorney the result of his investigations; that immediately prior to the trial in the County Court he and the guardian for his client and the guardian for Mr. Thompson's client, had a conference in which all facts were explained to the respective guardians; that in his opinion, concurred in by Mr. Thompson, they had not discovered any fact which would defeat the probate of the will, and when the guardians were so informed, they authorized the settlement in behalf of their wards' claims.

From our perusal of the record, we conclude that the plaintiffs have failed to establish the alleged fraud. To prevail, the burden was upon plaintiffs, or some one of them, to establish fraud by clear, satisfactory and convincing evidence.

In Davis v. Howe, 99 Okl. 118, 226 P. 316, 318, we said:

"'Fraud is never presumed, but must be proved by clear and satisfactory evidence, and, when a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted.'"

In Burke v. King, 176 Okl. 625, 56 P.2d 1185, we held:

"Cancellation of an executed contract is the exertion of extraordinary power by a court of equity. This power should be only exercised in a clear case; never for an alleged fraud unless such fraud is clearly established, and never for alleged false representations unless the proof clearly establishes the falsity thereof and that complainant has been deceived and injured thereby."

Moreover, we have consistently held that:

"In a case of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it is made to appear that such findings and judgment are against the clear weight of the evidence." See Travis v. McCully, 186 Okl. 378, 98 P.2d 595, 596.

We find no merit in plaintiffs' contention that T. D. McKeown, regular County Judge of Pontotoc County, was disqualified to approve the deeds and the compromise settlement in behalf of the minors. The Judge had previously entered his dis-

qualification for the reason that he had approved the will of Scott Brown, deceased, a full-blood Choctaw Indian; however, after the will was admitted to probate by an order of A. W. Trice, as Special Judge, further proceedings were had before Judge McKeown in which the plaintiffs invoked the court's jurisdiction by filing their separate petitions for the approval of the deeds and the compromise settlement of the minors' claims.

Under the provisions of section 9 of the Act of Congress of May 27, 1908, as amended by Act of Congress of April 12, 1926, 44 Stat. at L. 239, no conveyance of any full-blood Indian of the Five Civilized Tribes of any interest received by inheritance or devise in the allotment of a deceased full-blood Indian allottee shall be valid unless approved by the County Court of the County in which the said allottee resided at the time of his death.

Plaintiffs assert that the approval of the will by County Judge McKeown was an Act calling for the exercise of judicial discretion, and that after he entered his disqualification in the matter of the estate of Scott Brown, deceased, he could not again assume jurisdiction involving collateral matters affecting the estate.

In Silmon v. Rahhal, 178 Okl. 244, 62 P.2d 501, this court construing section 9 of the Act of Congress, supra, held that section 9 confers upon the County Court a purely ministerial duty in approving the will of a full-blood Indian of the Five Civilized Tribes. Moreover, as we have seen, the approval of the deeds and the approval of the compromise settlement, were made in the respective guardianship cases then pending in said County Court and were not in fact made in the matter of the estate of Scott Brown, deceased. Compromises and settlements made by a guardian by and with the approval of the County Court having jurisdiction are binding on the ward when made in good faith and cannot be relitigated. Carter Oil Co. v. Fleming, 117 Okl. 39, 245 P. 833.

The remaining question presented is whether the trial court erred in excluding competent and material evidence offered by the plaintiffs. Certain questions were propounded to the plaintiff, Lucy Brown Smith and to the witness Ira Parker, as to whether Scott Brown habitually drank intoxicating liquor. Objections to the evidence being sustained, plaintiffs made an offer of proof that Scott Brown had been a drunkard for years and was incompetent to make the will in question. The trial court sustained objections to this proffered testimony upon the ground that the question of the competency of Scott Brown to execute the will was a question, in the first instance, for the County Court's decision, and that the District Court could only review that decision upon a direct appeal to it. We think this ruling was correct.

As we have heretofore pointed out, at the time of the trial of the instant case plaintiffs' contest of the will was still pending and not disposed of in the County Court. Moreover, we are of the view that the evidence offered was merely cumulative as the record discloses that the trial court permitted the United States Probate Attorney to testify at length with reference to the drinking habits of Scott Brown. Also, the plaintiffs produced and presented a transcript of the testimony taken in the County Court which discloses evidence that the guardians, Cooper and Milligan, in behalf of plaintiffs, testified that Scott Brown habitually indulged in intoxicating liquor. As we have indicated, plaintiffs' remedy is a direct appeal of the orders of the County Court to the District Court and not by collateral attack.

The record does not present any substantial error, and the judgment below is affirmed.