James Garland FLINT, Petitioner,

v.

Max SATER, County Judge in and for Payne County, Respondent.

James Garland FLINT, Petitioner,

v.

Robert L. HERT, District Judge in and for Payne County, Respondent.

Nos. A–13241, A–13245.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1962.

Rehearings Denied Oct. 15, 1962.

John Connolly, Oklahoma City, for petitioner.

Richard J. Stead, County Attorney, Payne County, for respondents.

Mac Q. Williamson, Atty. Gen., Sam Lattimore, Asst. Atty. Gen.

BUSSEY, Judge.

Briefly, the facts which give rise to the issues herein presented are that the petitioner, James Garland Flint, was charged by preliminary Information with the Crime of Murder in the County Court of Payne County and before preliminary hearing could be held thereon, was committed to Eastern State Mental Hospital for a period not to exceed 90 days. After examining Mr. Flint, the officials of said mental institution, in a letter addressed to the committing court, expressed the opinion that he (Flint) was unable to assist in the preparation of his defense by reason of his present mental illness. Mr. Flint was returned to the custody of the Sheriff of Payne County. The Honorable Max Sater, County Judge of Payne County set a preliminary hearing for Flint in County Court Case No. 10137.

Subsequently, the Honorable District Judge Robert L. Hert on application of the County Attorney ordered a jury panel to be called to inquire into the present sanity of the accused. This Court stayed proceedings in both County and District Courts pending a determination of the issues herein raised.

Petitioner, James Garland Flint, has filed an application seeking to prohibit the Honorable Max Sater, County Judge, from conducting a preliminary hearing in County Court Case No. 10137 and also seeks to prohibit the Honorable District Judge Robert L. Hert from proceeding with a jury trial on the issue of present sanity in the District Court Case No. 3006.

Petitioner further seeks an order of this Court directing that Judge Hert enter an order adjudging petitioner presently insane and committing him to Eastern State Mental Hospital until he has regained sufficient sanity to assist in his defense.

The applications above referred to are filed in the Court of Criminal Appeals, Docket Nos. A–13,241 and A–13,245, and are consolidated in this opinion.

The statute under which the District Court of Payne County entered the order committing petitioner to Eastern State Mental Hospital for a 90 day observation period is Title 43A, § 60, which provides:

"If any person is held in confinement because of criminal charges or if he

has criminal charges pending or likely to be filed against him, or if he has been taken into custody because of a criminal act or acts, and the question arises as to his sanity or state of mental health, such individual may be ordered by a court of record having jurisdiction of the criminal proceedings into a State hospital within the Department for observation for a period not to exceed ninety (90) days."

We are of the opinion that the decision rendered by this court in Re Severins, Okl.Cr., 330 P.2d 752, is determinative of the issues herein raised.

In the body of the opinion, this court stated:

"At the completion of the observation period, the preliminary hearing should proceed, and if probable cause is shown and accused is bound over to the district court for trial and the question of the present sanity of the accused is still present, prior to a trial a jury would have to be impanelled to decide such question, as provided by 22 OS 1951 §§ 1162–1169."

It was argued by counsel for petitioner that the district court has power and authority to commit the petitioner to a state mental hospital and that the opinion of the examining physicians of Eastern State Hospital is determinative of the question of the present sanity of this petitioner.

No authority has been cited by the petitioner in support of these contentions, and although we have carefully searched the statutes of this state, we are unable to find any authority for the district court to commit an accused to a state mental institution without first having called a jury to determine the issue.

The district court is without authority to call a jury in the instant cause until such time as the petitioner has been bound over to the district court for trial. We are of the opinion that, at this time, the District Court of Payne County is without authority to conduct a jury trial on the issue of the present sanity of the accused and that the jury impanelled for that purpose should be, and the same is hereby, ordered dismissed.

We are of the further opinion that the petitioner's application for a Writ of Mandamus directing the district court to enter an order adjudging the petitioner presently insane and committing him to a state mental hospital should be, and the same is, hereby denied.

We are of the further opinion that the petitioner's application for an order prohibiting the Honorable Max E. Sater, county judge in and for Payne County, should be, and the same is, hereby denied.

It has been argued that the obvious intent of the legislature in the enactment of Title 43A, § 60 was to prevent a person presently insane from being proceeded against in a criminal action. It has been further suggested that if a preliminary hearing can be conducted when the defendant is mentally ill and the accused bound over to district court and prior to a trial on the merits, committed to a mental institution under the provisions of Title 22, §§ 1162–1169, that the evidence taken in preliminary hearing could, under certain circumstances (death or absent of witnesses) be admissible against accused when he regains sanity and is tried. It is further argued that under such circumstances, the preliminary proceeding would be a nullity and the introduction of such testimony would deny the accused his right to be confronted by the witnesses appearing against him.

This argument has great merit and, perhaps, the legislature will enact statutes authorizing a trial on the question of present sanity and providing for commitment of an accused prior to preliminary hearing. But until such time as the legislature has acted, it is suggested that the defendant's rights can be protected by granting him a jury trial as provided under the provisions of Title 22 O.S. §§ 1162–1169.

If he be found presently sane, the case should proceed to trial on its merits. If, on the other hand, it is determined by the jury that he is presently insane, he should be

committed to a State Mental Institution until he is capable of standing trial.

When he is returned for trial, the prior preliminary hearing being a nullity because of defendant's insanity, it becomes the trial court's mandatory duty to order a new preliminary hearing. The defendant could, of course, waive his right to preliminary hearing and proceed to trial.

For the reasons above set forth, the writs prayed for are denied.

BRETT, J., concurs in result.

NIX, P. J., dissents.

BRETT, Judge.

I concur in the conclusion expressed in the opinion by Judge BUSSEY. I feel impelled to give a detailed account of the reasons for my conclusions, first, because of the gravity of the questions before us in this matter, and second, because of the fact that my notes may prove of some value to the legislature in the event it should desire their availability on reconsideration of the legislative question involved herein.

We must begin with the fundamental axiom that all men are presumed to be sane, and such presumption will continue until a contrary conclusion has been reached as provided by law.

The questions presented by this case are not without complications, and caused us considerable concern. All members of this Court have devoted great time and research to this matter. It is well that we examine first the forums involved in relation to their jurisdiction and powers as defined by the Constitution and statute. We shall begin with the county courts and then consider the district court in relation to the problem.

Art. 7 § 11, Oklahoma Constitution establishing the county courts expressly provides, among other things, in defining its character that it "shall be a court of record". Johnson v. Petty, 118 Okl. 178, 246 P. 848; American Fire Ins. Co. of Philadelphia v. Pappe, 4 Okl. 110, 43 P. 1085; Baker v.

Newton, 27 Okl. 436, 112 P. 1034; Brown v. McKinney, Okl., 279 P.2d 343; Petroleum Auditors Ass'n v. Landis, 182 Okl. 297, 77 P.2d 730.

Thus the character of the county court is fixed and determined in all its functional operations. By no legislative action or judicial fiat can the character of the court be changed. Because it may assume to act in any of its judicial capacities, such as probate, juvenile, committing magistrate, etc., is unimportant. The particular judicial hat it may wear cannot change its character as a court of record.

Art. 7, § 17, Oklahoma Constitution authorizes the county courts to sit as committing magistrates in the following language: "County Courts shall also have and exercise the jurisdiction of examining and committing magistrates in all criminal cases", but this constitutional provision does not say that in so acting it shall not act as a court of record. The same reasoning applies to 20 O.S.1961 § 273 as follows: "County courts shall have and exercise the jurisdiction of examining and committing magistrates in all felony cases."

Nevertheless, when it exercises its functions in proceedings preliminary to felony trial, even though a court of record, it acts only in the capacity identical to any other examining or committing magistrate, which involves none of its powers as a court of record. Ex parte Lewis, 85 Okl.Cr. 322, 188 P.2d 367; Glenn v. State, 72 Okl.Cr. 165, 114 P.2d 192, 158 A.L.R. 1146; Marshall v. Sitton, 68 Okl. 175, 172 P. 964; Dilbeck v. State, 43 Okl.Cr. 42, 277 P. 284; State v. Kile, 96 Okl.Cr. 148, 250 P.2d 233; Wyatt v. Wolf, Okl.Cr., 324 P.2d 548.

In the latter case we held that in sitting as a committing magistrate it was not acting as a court of record. No one would contend that a justice of peace as committing magistrate would have the authority to commit an accused to a mental hospital for observation. The situation in the case at bar is precisely the same.

It has been held that county courts, except in probate matters, are courts of limited

jurisdiction, and no act or judgment of such court in excess of, and beyond, its jurisdiction expressly conferred by law is valid. Salaney v. Ferris, 201 Okl. 236, 204 P. 2d 270.

In such a capacity of committing magistrate, with limited jurisdiction the county court can do but two things in a preliminary hearing in a felony case. First, it must determine if a crime was committed; second, is there probable cause to believe that the accused committed the crime. Adair v. State, 15 Okl.Cr. 619, 180 P. 253; Lyon v. State, 55 Okl.Cr. 226, 28 P.2d 598; Ex parte McNaught, 23 Okl. 285, 1 Okl.Cr. 260, 100 P. 27; Swartzfeger v. State, 57 Okl.Cr. 92, 45 P.2d 550, and many other cases; 22 O.S.1961 § 264. When the county court acts in this capacity it has no jurisdiction to function in any other capacity. The same rule applies to district judges sitting as committing magistrates or any other judge so sitting. There power is only that of a committing magistrate. In so acting it decides the historical fact that a crime was committed, and poses an inconclusive proposition of probability that the accused may be the guilty party. It is fundamental that preliminary hearing by a committing magistrate is not a trial. Lyon v. State, supra; State v. Harris, 44 Okl.Cr. 116, 279 P. 925; McCurdy v. State, 39 Okl.Cr. 310, 264 P. 925; Inverarity v. Zumwalt, Okl.Cr., 279 P.2d 372; Ex parte Lewis, supra.

Hence, it follows that the county court, when acting as a committing magistrate only, would have no authority to commit an accused to a mental institution for observation as to insanity, or to inquire into such matter, because that question would not be a proper matter of its limited judicial cognizance. The county court has no jurisdiction to act in a felony case, other than to determine the two specific questions heretofore set forth. We are of the opinion that this conclusion is inescapable.

But, Title 20 O.S.1961 § 272 provides county courts shall have, among other things enumerated in the statute, " * * * jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases in which justices of the peace have no jurisdiction * * *."

Under the provisions of 21 O.S.1961 § 152, an insane person is not liable to punishment. Also under 22 O.S.1961 § 1162 such person cannot be tried or punished. 22 O.S.1961 § 1162 provided:

"When an indictment or information is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be impaneled from the jurors summoned and returned for the term, or who may be summoned by direction of the court, to inquire into the fact."

and 22 O.S.1961 § 1163:

"The trial of the cause or the pronouncing the judgment, as the case may be, must be suspended until the question of insanity is determined by the verdict of the jury."

These provisions apply only to trial proceedings and are strictly criminal procedural statutes. But they apply with equal force whether the crime be a felony or a misdemeanor. It therefore appears that in a misdemeanor case, the court thus having jurisdiction by the filing of an information therein, and a doubt of the sanity of the accused having arisen either (a) when the case is called for trial, or (b) the defendant brought up for sentence, the court must order a jury to inquire into the fact, as provided in the foregoing statute. Said jury to be composed and governed in its determination as set forth in Art. II, § 19, Okl. Const. reading as follows:

"The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve (12) persons; but in county courts and courts not of record, a jury shall consist of six (6) persons. This Section shall not be so construed as to prevent limita-

tions being fixed by law upon the right of appeal from judgments of courts not of record in civil cases concerning causes of action involving less than twenty dollars ($20.00). In civil cases, and in criminal cases less than felonies, three-fourths (¾) of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein. As amended State Question No. 354, Referendum Petition No. 101. Adopted primary election July 1, 1952."

The trial to determine this issue shall proceed as set forth in 22 O.S.1961 § 1164. The accused being found sane, the county court will proceed to trial. In the event the accused is found to be insane, he will be disposed of according to the provisions of 22 O.S.1961 § 925.

In such case, the trial of the criminal case will be suspended until the accused regains his sanity. Davis v. State, supra; 22 O.S.1961 § 1163.

The question then arises what relief may be had in the county court when, after jurisdiction has been acquired by the filing of an information (22 O.S.1961 § 301) and before trial, the question of sanity of the accused is raised. In such case, resort may be had to the provisions of 43A O.S.1961 § 60, reading as follows:

"If any person is held in confinement because of criminal charges, or if he has criminal charges pending or likely to be filed against him, or if he has been taken into custody because of a criminal act or acts, and the question arises as to his sanity or state of mental health, such individual may be ordered by a court of record having jurisdiction of the criminal proceedings into a State hospital within the Department for observation for a period of not to exceed ninety (90) days."

It has been held that this part of the mental health law is supplemental or ancillary to the Code of Criminal Procedure. In Davis v. State, Okl.Cr., 300 P.2d 1000, we said:

"The legislature, as we have already pointed out, apparently having no intention or desire of interfering with the criminal statutes and their application, incorporated into the act section 60, that a court can, without a jury, and after hearing, In re Lutker, Okl.Cr., 274 P.2d 786; Ex parte Lackey, Okl.Cr., 279 P.2d 380, order a prisoner into a state hospital for observation for a period of not to exceed ninety days.

"We conclude that there was no intention on the part of the Legislature that the provisional procedures provided in Tit. 43A should apply to persons involved in criminal cases, and that there was no intention to interfere with the enforcement of the criminal laws, but only to supplement and aid in such enforcement."

It has been urged that when the question arises as to the sanity or mental health, such individual may be ordered by a "court of record having jurisdiction of the criminal proceedings" into a state hospital for observation for a period not exceeding 90 days. It has been contended that the county court sitting as a committing magistrate in a preliminary hearing has that power. But we do not believe such is the case, not only for the reasons hereinbefore set forth, but for the additional reasons hereinafter set forth. We are of the opinion that this provision has reference to the trial jurisdiction of the criminal offense already filed in the court of record having jurisdiction of the offense or crime as defined by statute and having power to pronounce final judgment. In misdemeanors in the county court or court of common pleas, etc. those courts would have jurisdiction to make such order. In felony cases the district court would have jurisdiction by reason of the institution of criminal proceedings therein, by the filing of an information or indictment in said court

after certification thereto'by the committing magistrate to make such order, either before or at the time of trial as controlled by the statutes hereinbefore set forth.

But this statute is not alone concerned with charges filed, it goes further and includes situations where *"charges are likely to be filed, or he has been taken into custody because of a criminal act or acts,"* and the sanity of the accused is called in question before the institution of criminal charges, such an order for observation, under the statute, may be made by the court of record —what court of record? The preliminary court or court having jurisdiction of the crime itself? In construing this provision we must resort to certain rules of construction.

In Davis v. State, supra, it was said:

"(T)he fundamental rule of construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. Appeal of Price, 88 Okl. 156, 212 P. 424; Wilkins v. State, 70 Okl.Cr. 1, 104 P.2d 289; 50 Am.Jur., (statutes) § 223. Also it should be remembered that where literal enforcement would result in great inconvenience or *absurd results which the legislature probably did not contemplate, the court must presume that such consequences were not intended, and adopt a construction that is reasonable and will avoid the absurdity.* In re Ambler, 11 Okl.Cr. 449, 148 P. 1061; Brown v. State Election Board, 197 Okl. 169, 170 P.2d 200; City of Tahlequah ex rel. Johnston v. Franklin, 201 Okl. 36, 200 P.2d 417. The general design and purpose should be kept in mind in construing the statute. The Darby-Lynde Co. v. Alexander, 10 Cir., 51 F.2d 56, certiorari denied 284 U.S. 666, 52 S.Ct. 40, 76 L.Ed. 564.

"There is also the further rule that where two statutes cover the whole or in part the same matter and are not absolutely irreconcilable, the court must, if possible, give effect to both in so far as they are not irreconcilable, in ab-sence of purpose to repeal being clearly expressed or indicated. Johnson v. City of Vinita, 172 Okl. 376, 45 P.2d 1089."

To hold that the last quoted language from 43A § 60 is enforceable would lead to an intolerable conflict between two courts; to mention one a court without jurisdiction by statutory definition in the case on the merits, interfering with the processes of another court clearly having jurisdiction of the case. Exactly the situation at bar, of the county court with limited jurisdiction as a committing magistrate to determine two questions as hereinbefore discussed, without authority of law undertaking to determine the question of present sanity in a crime over which it has no judgment. The absurdity of this situation becomes immediately apparent, and the illegality of the clause is exposed. We are of the opinion that the Legislature did not intend the foregoing last quoted clause from 43A § 60 to mean what is urged for it herein, but to the contrary, the expression "having jurisdiction of the criminal proceedings" means, having jurisdiction of the merits of the case itself, and power to pronounce judgment and sentence, not preliminary proceedings for commitment. It is our opinion that under the law of Oklahoma as by the constitution, the statutes and adjudicated cases, that the county court sitting in a felony case, as a committing magistrate in the preliminary hearing does not have jurisdiction to order the accused committed to a mental hospital for observation.

In cases involving a felony it is fundamental that the accused must be taken before a magistrate (22 O.S.1961 § 176) for a preliminary hearing (instituted by complaint), who must conduct an examination, if the same be not waived, as hereinbefore set forth. Burchfield v. State, 85 Okl.Cr. 415, 188 P.2d 392, 394, and if he be held to answer a charge of the commission of a public offense, he shall endorse the same on the complaint. Thompson v. State, 52 Okl. Cr. 365, 5 P.2d 398; 22 O.S.1961 § 276; Adair v. State, 15 Okl.Cr. 619, 180 P. 253; and other cases; and the accused shall be

held for proceedings in the district court upon indictment returned by a grand jury, which proceeding is not involved herein. We know of no other way that a district court can acquire jurisdiction of a felony charge. Weatherford v. State, 30 Okl.Cr. 86, 234 P. 779; Christian v. State, 49 Okl. Cr. 16, 292 P. 876, wherein it was said, "The jurisdiction of the district court rests upon the findings of a magistrate in a preliminary hearing." Lowrance v. State, 33 Okl.Cr. 71, 242 P. 862; Thompson v. State, supra, and other cases.

Hence, by simple deduction, it appears that the district court would acquire no jurisdiction of a criminal proceeding until the foregoing procedural steps were taken. Certainly this being true it would not be in a position to commit a person for observation to a mental hospital until it had acquired jurisdiction over the person and of the subject matter as provided by law. After it had acquired jurisdiction in the manner above set forth, then it would have lawful authority to proceed under the ancillary or supplemental statutes as provided in 43A, 1961 § 60, Davis v. State, supra, if and when the question of present insanity was raised and a doubt entered in the court's mind. We know of no statutory authority for proceedings to test present insanity other than that hereinbefore set forth. We have held that the mental health law Tit. 43A § 60 did not repeal the provisions of Title 22 §§ 1161 to 1169, inclusive, Galbraith v. Lackey, Okl.Cr., 340 P.2d 497, Davis v. State, supra. We have also held that the question of present sanity and ability to make a rational defense must be raised before or during trial proceedings. Mitts v. State, Okl. Cr., 345 P.2d 913, cert. denied 363 U.S. 846, 80 S.Ct. 1620, 4 L.Ed.2d 1730. This is in harmony with the provisions of 22 O.S.1961 § 1161 that "nor can a person be tried, adjudged to punishment, or punished for a public offense, while he or she, as the case may be, is insane." We know of no other provision of law setting the time at which the issue of present sanity may be tested. Hence, in a felony case that is an issue to be determined by the district court having lawful jurisdiction of such criminal proceedings.

It is therefore our conclusion that the question of present sanity in a felony case is one for the district court to determine as provided in § 1162, Mitts v. State, supra, as above set forth to be resolved by a jury in the same manner as hereinbefore set forth for misdemeanors in the county court, except that the jury in the district court would have to be one of 12 men and women, and by a three-fourths vote of its membership. (The proceeding being by its nature a civil proceeding. Art. II, § 19, Oklahoma Constitution, supra.)

In the case at bar, the county court sitting as a committing magistrate was wholly without authority of law to order the accused committed for observation, since the limits of its jurisdiction are such as would not permit it to entertain the matter and because it would never have jurisdiction of the felony proceedings, except as a committing magistrate. Any such order of committal by a county court in a felony case would be a nullity.

Second, the district court's order herein was a nullity since it had not acquired jurisdiction either by order of a committing magistrate, or grand jury indictment. The proceedings it took under 43A § 60 are only available as an ancillary matter not to be taken prior to acquisition of jurisdiction but as hereinbefore set forth.

In short, the county court as committing magistrate herein should have conducted his preliminary hearing and bound the accused over to the district court, if the facts warranted, the accused not being on trial his present sanity would not be an issue therein. An order of prohibition against such proceedings in a felony could be properly invoked. The district court's order to commit the accused to a mental hospital was premature, it not having the matter before it, either after preliminary and by certification of the committing magistrate, or by indictment of a grand jury. It was without jurisdiction to entertain the committal

proceedings. The county court should conclude its proceedings in preliminary as a committing magistrate, and the district court should upon acquiring jurisdiction institute proceedings either under 22 O.S.1961 §§ 1161–1169 at time of trial, or before trial under the ancillary provisions of Title 43A, § 60. The delays incident to this procedure will not deprive the accused or the state of any substantial rights, since the plea of insanity is a defensive matter (either as to ability to make a rational defense, which may require suspension of the trial Title 22 O.S.1961 § 1163 and § 922 until sanity is restored); or as to sanity at the time the crime was committed. This procedure protects the rights of the accused under the provisions of 22 O.S. § 1161, and does not result in a substantial delay of the proceedings.

In the event the accused is found insane and committed by the District Court to a mental hospital and later regains his sanity, under procedure announced by Judge BUSSEY, the defendant may complain that no preliminary was accorded him. This complaint will be met by simply giving him a preliminary and thus he will be accorded his right to due process. Under the procedure as prescribed by Judge BUSSEY in the courts opinion, we know of no other complaint that can be registered to the procedure outlined, and that complaint is met by the performance of the trial court's mandatory duty to see that the accused is given another preliminary hearing, in the event the requirement is not waived.

Accordingly, I concur.

NIX, Presiding Judge (dissenting).

I respectfully disagree with my associates on both cases wherein petitioner seeks a Writ of Prohibition. Since the Statute is silent on the question raised herein, it constitutes a difference of opinion in theory and not in law. The opinion formed by your writer is motivated by my conviction that a preliminary hearing afforded an in-

sane person would be hollow mockery, and could only result in a frivolous nullity. In the instant case, the defendant was charged by Information with the crime of Murder and before a preliminary hearing was had, the Judge of the District Court having jurisdiction as prescribed by Title 43A § 60, issued an order sending defendant to the Eastern State Mental Hospital for a 90 day observation period. The officials of the Hospital reported that the defendant was unable to assist in the preparation of his defense because of his present mental illness. Defendant was then returned to the custody of the Sheriff of Payne County. What disposition is now to be made of the prisoner? The Statute is silent. The Legislature should give this immediate attention. It would not be practical to keep an insane person in custody of the Sheriff for an indefinite period of time. The District Court cannot acquire Jurisdiction for any purpose other than to send him off for observation, until he has been bound over at a preliminary hearing. Yet it would be repugnant to good jurisprudence to hold a preliminary hearing for an insane person. Until a formula is prescribed by the Legislature, it appears to your writer that the Judge should renew his order for observation upon written report from the officials of the Hospital every 90 days until the defendant is declared mentally competent to assist in the preparation of his defense.

If defendant is not satisfied with this procedure, he always has available the Writ of Habeas Corpus wherein testimony could be taken as to whether or not he is illegally confined.

In the case at bar the District Court had no Jurisdiction to proceed with a jury trial until the defendant was bound over from a preliminary hearing, and a preliminary hearing could not be held because of the present insanity of the defendant. I would have to conclude that both Writs should have been granted.

The Legislature should be advised at an early date of this unfilled gap in the law.