RAY WYATT v. STATE.

No. A-9599. March 7, 1940.
(100 P. 2d 283.)

Thos. S. Harris, of Sapulpa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. Ray Wyatt was charged in the district court of Creek county, Okla., with the offense of burglary

in the second degree, was tried, convicted and sentenced to serve a term of imprisonment in the state penitentiary for a period of six years, and has appealed to this court.

The evidence upon the part of the state showed that the defendant, about 2:30 o'clock, p. m., on Sunday, May 22, 1938, broke a pane of glass in the front door of the store building of one Bill Gibbs in the town of Mannford. That he entered the store and filled his shirt and pockets with bananas, sewing, thread and several small articles, and rolled a 110 lb. drum of lard out the door and up the sidewalk. This offense all happened in the broad daylight, and several witnesses saw the defendant rolling the lard stand towards some weeds behind the store. Some of them ran to the owner of the store to notify him what had happened. Mr. Gibbs was not in town, but his son went to the defendant and searched him and found the small articles above mentioned on his person. The defendant had been drinking. In addition to the lard can, a 50-pound can of peanut butter, three sacks of flour, and three slabs of bacon were found hidden in the weeds behind the store.

The defendant did not take the stand, and the only evidence offered in his behalf was to show that the defendant was insane at the time of the commission of the crime.

There was a dispute as to whether or not the defendant was mentally incapable of committing the offense charged. This defense, however, was submitted to the jury under proper instructions and they found against the defendant on that issue.

The chief contention raised by the defendant for reversal of this case is that the court erred in overruling the motion to quash the information filed on behalf of the defendant.

When the case was called for trial, the attorney for the defendant asked and was granted permission by the court to withdraw his plea of not guilty for the purpose of interposing a motion to quash the information without prejudice to trial.

The defendant, in his motion to quash the information, attacks the transcript of the record filed in the district court by the justice of the peace for the reason that the certificate was signed by A. B. Weaver as clerk for the justice of the peace, and for the further reason that in the order of the justice of the peace which was signed by the justice of the peace binding the defendant over to the district court it did not recite the offense for which the defendant was being held.

After these matters were called to the court's attention, the court gave the county attorney permission to correct the transcript by having the justice of the peace fill out the certificate and sign the same and to allow the justice of the peace to insert in his order the offense for which the defendant was bound to the district court. After the amendment of these instruments, the motion to quash was overruled, and the defendant allowed his exceptions.

The district court did not have jurisdiction to try the defendant unless the defendant had actually had a preliminary examination or waived the same. If the fact that the defendant had had a preliminary examination is made to appear to the court any time before trial, as in this case, then the jurisdiction of the district court immediately attaches and the court has authority and power to proceed fully with the trial.

In Norwood v. State, 14 Okla. Cr. 637, 169 P. 656, the following rule was adopted:

"After a justice of the peace has certified to the court the record of a preliminary examination of an accused

person held by him for trial upon a charge of crime, he may, upon motion to quash the information for failure to indorse upon the original complaint that he found a crime had been committed, and that defendant was probably guilty thereof, by leave of the court and before the trial commences, complete such record by making said indorsement where the same is not inconsistent with the transcript of the record as previously made and certified."

In Weatherford v. State 30 Okla. Cr. 86, 234 P. 779, we stated that the jurisdiction of the district court rests upon the findings of a magistrate in a preliminary hearing, but irregularities committed by the magistrate may be cured by amendment before the trial in the district court. See, also, Williams et al. v. State, 6 Okla. Cr. 373, 118 P. 1006; Ponoksy v. State, 8 Okla. Cr. 116, 126 P. 451.

The defendant complains some of misconduct on the part of the assistant county attorney in his argument to the jury. The record does not indicate that the assistant county attorney stated anything which would not have been a reasonable deduction from the evidence which was introduced.

We have examined the record closely and find that the facts are sufficient to support the verdict of the jury; the instructions properly set forth the law upon the issues involved, and there is no material error appearing in the record which would require a reversal of this cause.

We do feel, however, that the punishment imposed herein is excessive. The record discloses that this defendant had lived in the town of Mannford for many years. His widowed mother had operated a store there until just a few weeks prior to the date of this offense. It was raining; but the act was committed in the daytime, in the full view of people standing in doorways of buildings and in a filling station in the town. It was utterly im-

possible for the defendant to escape detection, and he apparently made no serious effort to avoid detection. He was eating a banana that he had taken out of the store when the son of the prosecuting witness caught him about a block from the store building. Under the circumstances herein presented, we think the ends of justice can properly be met by reducing the sentence imposed to three years.

It is, therefore, ordered that the sentence imposed on the defendant be modified to a term of three years in the state penitentiary at McAlester, Okla., and that the judgment as modified be affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.