Burl G. VICK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–15502, 15503.

Court of Criminal Appeals of Oklahoma.

Feb. 4, 1970.

Jack Bliss, Tahlequah, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Burl G. Vick, hereinafter referred to as defendant, pled guilty in the District Court of Cherokee County to two charges of Robbery with Firearms, Cases No. 2709 and 2710, and was sentenced on each of the charges to serve 25 years imprisonment in the state penitentiary; said sentences to run concurrently.

On January 15, 1969, this Court ordered an evidentiary hearing conducted in the District Court of Cherokee County relative to the above two cases and thereafter, on the 14th day of May, 1969, post conviction appeals were granted by this Court on the basis that the defendant was not advised of his right to appeal the convictions.

From the record before us we find that the testimony indicates that the defendant admitted that he and a companion, after two days of drinking, robbed two people in a rural store, defendant being armed with a knife and his co-defendant armed with a gun, on March 11, 1967. Defendant admitted his guilt to the arresting officers when he was taken into custody shortly after the crime. The defendant had no prior felony convictions, but had received a ten day jail sentence and $50.00 fine for a misdemeanor conviction of Driving While Intoxicated.

Defendant, on appeal, admits his guilt to the crime, and his only assignment of error is that the punishment imposed is excessive. On page 57 of the transcript of the Evidentiary Hearing, we find the following questions propounded to the defendant, and these answers given:

"Q. Mr. Vick, in view of what you stated awhile ago, you indicated that you had committed the crime and that you admitted the crime as charged and you still admit that, but your main concern is that you felt like that the sentence imposed was too strenuous, was too much?

A. Yes, Your Honor.

Q. And that you felt like a sentence of ten years would have been right and reasonable?

A. Yes, I do.

Q. And that you are willing to serve a reasonable sentence; is that what you said?

A. Every day of it.

Q. Is that what you are telling me?

A. Yes sir; every day of it."

On page 56 of the transcript of Evidentiary Hearing, we find the following questions asked, and answers given by Judge Carroll, the Judge who sentenced defendant:

"Q. So under the evidence that you've heard today and taking it all in all, don't you really have a feeling that this was an excessive sentence?

A. Well, yes, frankly, I do and I have thought about it beforehand * * * I meant that is since the sentencing."

In light of the foregoing, we are of the opinion that justice would best be served if the two concurrent sentences were modified from a term of twenty-five (25) years imprisonment in cases 2709 and 2710, to a term of fifteeen (15) years imprisonment in cases 2709 and 2710, to run concurrent, and as so modified, the judgments and sentences are Affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.