**Thomas Edgar WILLIAMSON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16074.**

Court of Criminal Appeals of Oklahoma.

Aug. 18, 1970.

Andrew T. Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Thomas Edgar Williamson, hereinafter referred to as defendant, was charged in the Municipal Criminal Court of the City of Tulsa, with the larceny of four boxes of AC brand spark plugs of an approxi-

mate value of $6.00. The Information further alleged that the spark plugs were taken from the T G & Y Store at Northland Shopping Center, 515 E. 36th Street North, Tulsa, Oklahoma, on the 2nd day of January, 1970. Thereafter, the defendant was found guilty and sentenced to pay a fine of $25.00 and costs and be imprisoned in the city jail for a period of ten days.

On the 5th day of January, 1970, a Preliminary Information was filed in the District Court of Tulsa County, charging the defendant with the larceny of 32 DC [sic] brand spark plugs of a value of $38.08, allegedly taken from a T G & Y Store on the 2nd day of January, 1970. The complaining witness in the Municipal Criminal Court was endorsed as a witness on the preliminary information filed in the District Court of Tulsa County. Prior to trial the defendant, through his court-appointed attorney, sought dismissal of the charge of Grand Larceny, After Former Conviction of a Felony, on the grounds that to place him on trial would be to put him twice in jeopardy for the same offense. This Motion was overruled and by stipulation of the parties, the case was submitted to the trial court on the transcript of testimony taken at the preliminary hearing. The defendant was found guilty and sentenced to serve a term of imprisonment of 18 months in the state penitentiary.

In the post conviction appeal granted by this court, the defendant urges a single assignment of error, to-wit:

"The court erred in not ruling that the municipal court conviction for the identical offense constituted double jeopardy or former conviction for the same offense."

1. This applies *only* to Tulsa County Case No. CRF–70–21, and does not apply to

Counsel for defendant correctly contends that the Supreme Court of the United States decision in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, is controlling in the instant case. In *Waller,* supra, the Supreme Court noted that Florida, Oklahoma, and other jurisdictions had long held the view that a prosecution in a municipal court did not bar a state prosecution for the same act. Such indeed was the prevailing majority view throughout the nation until *Waller,* supra. In *Waller,* supra, the Supreme Court held that a prosecution in the Municipal Court barred a subsequent prosecution in the state tribunal for the same act since both courts derived their existence from the single sovereign power of the state and that to allow a second prosecution for the same act would constitute double jeopardy violative of the 5th and 14th amendments to the United States Constitution.

██ In accordance with *Waller,* supra, the judgment and sentence rendered against Thomas Edgar Williamson is reversed and remanded with instructions to dismiss said proceeding, and the Warden of the State Penitentiary and the Department of Corrections are directed to forthwith release Thomas Edgar Williamson from further confinement under the authority of the judgment and sentence rendered in the District Court of Tulsa County, Case No. CRF–70–21.[1] The Clerk of this Court is directed to forthwith issue the mandate. Reversed and remanded with instructions to dismiss Tulsa County case No. CRF–70–21.

BRETT, P. J., and NIX, J., concur.

any other judgment and sentence which defendant may be serving.