Jack **BARRETT**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15153.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

Milton Keen and Max Moulton, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Max A. Martin, Asst. Attys. Gen., for defendant in error.

BUSSEY, Judge:

Jack Barrett, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, After Former Conviction of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor; his punishment was fixed at imprisonment in the state penitentiary for a term of two and one-half years, and to pay a fine of One Dollar, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that the defendant was arrested by Officer Hawk on August 14, 1967, after being involved in an accident with a Miss McDaniel. He was taken to a hospital and then was placed in the Oklahoma County

Jail. Later the same day, he was charged with Public Drunk and Negligent Driving and entered pleas of guilty to said offenses in the Traffic Court of Oklahoma City. He was subsequently charged in the District Court of Oklahoma County on February 26, 1968, with the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, After Former Conviction, alleged to have been committed on August 14, 1967. The complaining witness in the Traffic Court case was endorsed as a witness on the preliminary information filed in the District Court of Oklahoma County.

In the recent case of Williamson v. State, Okl.Cr., 474 P.2d 139, applying the United States Supreme Court decision in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, we stated in the first paragraph of the Syllabus:

"A prosecution in a Municipal Court is a bar to a subsequent prosecution in a District Court, for the identical offense, since both are arms of the same sovereign."

In accordance with *Waller*, supra, the judgment and sentence is reversed and remanded with instructions to dismiss said proceeding.

BRETT, P. J., and NIX, J., concur.