John STANLEY, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16503.

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1971.

**496**

Simon B. Spradlin, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

John Stanley, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Pointing a Dangerous Weapon; his punishment was fixed at one year imprisonment in the county jail, and a fine of $500.00, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Mildren Hogan gave a party for her son and his college football friends at her cafe in Jones the evening of October 3, 1970. She testified that the defendant, whom she had not previously known, arrived uninvited. He asked if he could stay there until a friend of his arrived. She agreed to allow him to remain. He subsequently made some profane comments concerning Negroes that were present, and was warned that he would have to leave if he did not behave. She identified a .22 caliber Derringer as the gun that was taken away from the defendant. She turned the gun over to Officer McDermit.

Champ Little testified that he was at the party. The cafe was quite crowded, and he was talking to the defendant about the crowd. The defendant made a remark about one of the colored boys, and pulled out a gun and said, "See that big black son-of-a-bitch over there. This makes me just as big as he is." He told the defendant to put the gun away before someone got hurt. Then he stuck the gun to Little's head and said, "Don't you laugh at me, you son-of-a-bitch, I'll blow your head off." He then said, "I'll pull the trigger." He subsequently put the gun down, and Little went outside and advised others that the defendant had a gun.

John Ruzycki testified that he was present in the cafe and that the defendant gouged him in the back with the gun. Other people at the party took the gun away from the defendant after a scuffle.

John McDermit, a part-time policeman, testified that he arrived at the cafe, talked to the persons present, and placed the defendant under arrest. He was then taken before the City Judge of Jones and pleaded guilty to Public Drunk.

Bill Lair, a jailer for Oklahoma County, testified for the defense that the defendant was committed to the county jail by authority of commitments entered by the City Judge of Jones for Public Drunk and Contempt of Court.

Jerry Johnson testified that his brother, Ladoye Johnson, gave a gun similar to State's Exhibit 1 to the defendant for the purpose of repairing it.

Paul Smith testified that Ladoye Johnson owned a .22 caliber Derringer which appeared to be State's Exhibit 1. Johnson gave the gun to the defendant on or about October 4th.

The defendant testified that he was drinking heavily on the day in question.

Ladoye Johnson gave the gun to him to repair it, as he is an amateur gunsmith. He went to the cafe and did not remember anything until he woke up in the county jail. He has a prior history of memory blackouts while drinking. The gun would not fire, in his opinion. He spent 20 days in the county jail in lieu of payment of $30.00 in fines imposed by the Jones City Court.

The first proposition asserts that the prosecution in the Municipal Court of Jones constituted an election, and bars subsequent prosecution in District Court as constituting double jeopardy. The defendant cites Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435; Williamson v. State, Okl.Cr., 474 P.2d 139; Heldenbrand v. Mills, Okl.Cr., 476 P.2d 375; and Barrett v. State, Okl.Cr., 478 P.2d 1016.

██ We have carefully examined the cases cited by defendant, and are of the opinion that they are distinguishable from the case at bar. These lines of cases hold that a prosecution in a municipal court for one criminal offense becomes a bar, under the double jeopardy concept, to subsequent prosecution for the same offense in District Court. In the instant case, the defendant pleaded guilty to Public Drunk in the Municipal Court. We are of the opinion that the offense of Public Drunk and Pointing a Dangerous Weapon are separate, distinguishable offenses, and the prosecution for Public Drunk in Municipal Court does not bar the prosecution for Pointing a Dangerous Weapon in District Court. The elements of Public Drunk and Pointing a Dangerous Weapon are quite dissimilar. The proof required to prove the charge of Public Drunk, and the proof required to prove the charge of Pointing a Dangerous Weapon, are completely different.

██ The final proposition contends that the punishment was excessive. We have previously held that this Court may, on consideration of the entire record and all the circumstances, reduce the sentence where the record indicates that substantial justice will be served by so doing. Gable v. State, Okl.Cr., 424 P.2d 433. We observe that the evidence adduced that the defendant was intoxicated; that there was a serious question whether the weapon would fire; and that on each instance when he pointed the weapon he desisted when the "persons protested or moved away." Further, there was no evidence to indicate prior convictions of any type.

We are of the opinion that justice would best be served by modifying the judgment and sentence to three (3) months imprisonment in the county jail, and a fine of Fifty ($50.00) Dollars and costs, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT and NIX, JJ., concur.