**Burton Olen WALKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18150.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1973.

Rehearing Denied Sept. 20, 1973.

David A. Davis, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Linda Frye, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Burton Olen Walker, was convicted by a jury in the District Court of Oklahoma County, Case No. CRF–72–

1762, for the offense of Assault and Battery Upon a Police Officer. On the 30th day of November, 1972, he was sentenced to serve sixty (60) days confinement in the county jail, and to pay a fine of Two Hundred ($200.00) Dollars, with the last thirty (30) days of the jail sentence being suspended by the court.

The facts reveal that appellant, who will hereinafter be referred to as defendant, about 1:00 a. m. on September 25, 1972, was at the Taco Bell eating facility at 23rd Street and North Harvey in Oklahoma City, when he was accidentally "short-changed" by the cashier. When the incident occurred, defendant became very disturbed and caused some commotion; but after defendant was given the correct change, he went outside of the establishment and consumed the food he had ordered. According to his testimony, he later went back inside to apologize to the cashier and to order more food. Shortly after defendant was short-changed, Oklahoma City Police Officer, Mike Burkhart, entered the Taco Bell through the rear door. When the cashier saw him, she excitedly commented that he should have been there a few moments earlier when the commotion occurred concerning the "change" incident. In the meantime, defendant had re-entered the Taco Bell and placed a second order for food when Officer Burkhart approached him to inquire concerning the earlier commotion. During the conversation with defendant, some of the other customers gathered around so the officer wisely requested defendant to step outside where the conversation could be continued. At first defendant declined to go outside, but the officer proceeded on outside to the patio, and shortly thereafter, the friends of the defendant induced defendant to go outside and continue the discussion with the police officer.

During the conversation between defendant and the officer, which became rather heated, defendant allegedly placed a burrito in his mouth and chewed it briefly and then spat in the officer's face. At that

moment, the officer proceeded to arrest the defendant for disorderly conduct and an altercation occurred, during which defendant fell to the ground and allegedly kicked at the officer several times, striking him at least once. With the assistance of another officer, who had arrived at the scene, defendant was handcuffed and taken to the city jail. Defendant was subsequently charged in the Municipal Court of Oklahoma City with the offense of "Disorderly Conduct" and "Public Drunk." At his hearing in the Municipal Court on October 27, 1972, the Public Drunk charge was dismisssed, but defendant was found guilty on the Disorderly Conduct charge and assessed a fine of Thirty-Five ($35.00) Dollars.

The records show that the District Court Information alleging the Assault and Battery of an officer and the municipal charges were all filed on the same date, September 25, 1972, and on the following October 27th, the municipal trial was held. As the result, the defendant filed, in the instant case, a Demurrer to the Information and also a Motion to Dismiss, premised on the municipal conviction being a bar to a second trial arising out of the same incident. On November 2nd, defendant's Demurrer and Motion to Dismiss were both overruled; and on November 14th, defendant was tried and convicted in the District Court.

■ Defendant's first proposition asserts that the court erred in overruling defendant's plea in bar since the defendant's conviction for the offense of Disorderly Conduct in the Municipal Court of Oklahoma City was a bar to any further prosecution for the same transaction. In support of this proposition defendant cites Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). In that case, Waller was one of the participants who removed a canvas mural from the city hall of St. Petersburg, Florida, and was convicted in municipal court for destruction of city proyerty and disorderly breach of the peace. *On the same acts,* he was subse-

quently convicted in state court for Grand Larceny. The Florida Courts sustained the conviction and Waller appealed to the United States Supreme Court. That Court said:

"[W]e hold that on the basis of the facts upon which the Florida District Court of Appeal relied petitioner could not lawfully be tried both by the municipal government and by the State of Florida. In this context a 'dual sovereignty' theory is an anachronism, and the second trial constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution."

The factual situation in the case at bar differs substantially from *Waller,* supra. Additionally, in *Waller* there was but one criminal transaction prosecuted twice under different names. In the instant case, the defendant was charged with separate offenses each arising from the same transaction. The transcript reflects the following:

"A. [By Michael Burkhart] Finally, after attempting to talk to him and being unable to do so, he was holding a burrito which he had just bought and he told me that he had come in there to get something to eat and he was going to eat it. I told him to go ahead. He unwrapped the burrito; he crammed it in his mouth, stricking just as much as he could possibly get in there. We were at this time about two foot from each other. *He moved in close to me, right up into my face, and spit the burrito on me. And at that time, I decided to arrest him for disorderly conduct.*

\*    \*    \*    \*    \*    \*

"Q. [By Mr. Lanning] Okay. And you say you placed him under arrest then, or your intent was to place him under arrest for disorderly conduct?

"A. That was my intention. I took him by the right arm with my left hand with the intention of placing him under arrest and placing him in my scout car.

"When I took him by the arm, he jerked away from me and in a resisting manner. I reached around with my right hand, got ahold of him again, pulled him around in front of me to—to my right as my car was around the corner to the right.

"At this time, I don't know exactly what happened, but he did fall to the ground. There was no force on my part. I—I did have hold of him, but I didn't throw him down or trip him or anything like this, but he did go down. *I was standing over him, and while he was laying* [sic] *on his back on the ground, he started kicking at me. He kicked me once in the right leg.* At that time, I took off my handcuffs and got the handcuffs—one handcuff on one of his arms and he resisted my putting the other handcuff on." [Emphasis added. Tr. 10–11]

The transcript of the municipal court proceedings reflect that the defendant was found guilty of Disorderly Conduct resulting from his having spat the Burrito in the officer's face. His subsequent conviction for Assault and Battery on a Police Officer was based on evidence of defendant kicking the police officer. The proof required for a conviction of Disorderly Conduct and the proof required for a conviction of Assault and Battery on a Police Officer is quite dissimilar. In the case of Tucker v. State, Okl.Cr., 481 P.2d 167 (1971), in response to defendant's contention that double punishment for a single criminal objective and intent, act, or course of conduct amounts to cruel and unusual punishment, this Court said:

"* * * We are of the opinion that the fact the crimes were committed in rapid succession does not negate the ultimate fact that separate crimes were committed. To hold otherwise would open the door for persons to commit any number of crimes simultaneously, knowing they could only be punished for one. * * *"

Accordingly, we find defendant's first proposition to be without merit.

■ Defendant's second proposition asserts error of the trial court for failing to properly instruct the jury and for failure to give defendant's requested instructions. The main thrust of defendant's contention is refusal to give his requested instruction on self-defense. As the Attorney General succinctly points out, the defendant's theory of defense (and the record so reflects) was not that of self-defense, but rather that he did not kick the officer. See Hicks v. State, Okl.Cr., 503 P.2d 243 (1972). Additionally, a review of the instructions given by the court reflect that they properly stated the law as presented by the evidence. We, therefore, find this proposition to be without merit.

■ Defendant's final proposition alleges error of the trial court in admitting improper and prejudicial evidence over his objections. Part of the testimony to which the defendant refers is as follows:

"Q. [By Mr. Lanning] Was there anything unusual about his appearance or demeanor at the time that you placed him under arrest and finally handcuffed him?

"A. [By Michael Burkhart] He appeared to be either drunk or high." [Tr. 12]

At this point the defendant objected, said objection being sustained by the trial court.

"Q. [By Mr. Lanning] Let me ask you a qualifying question. Did you place him under arrest for public drunk in addition to disorderly conduct?

"A. Yes." [Tr. 12]

Again, the defendant objected. This time the court overruled said objection by stating that he [the trial court] felt the evidence was admissible as part of the res gestae. We are of the opinion that the trial court was correct in its ruling. In the case of Adkisson v. State, Okl.Cr., 432 P.2d 130 (1967), a case quite similar in fact to the one at bar, the Court quoted

from Grimes v. State, Okl.Cr., 365 P.2d 739 (1961), where it was held:

> "'Evidence of different offenses from the one charged are admissible when both offense are so closely linked as to form a part of res gestae.'"

■ The defendant further sets forth two other passages of testimony which he claims were prejudicial; however, in one of these the defendant objected and the court admonished the jury to disregard. The last portion of testimony to which defendant sets out as error was objected to by him and sustained by the trial court. It can thus be seen that the errors complained of were properly and carefully handled by the trial court. It may further be noted that the maximum punishment the defendant could have received is six months imprisonment in the county jail and/or a $500.00 fine. Additionally, the trial judge suspended half of the defendant's sentence as a precaution against the possibility of prejudice which could have resulted from the testimony complained of, and properly excluded by the trial court. We therefore find this proposition to be without merit.

For all of the reasons above set forth, the judgment and sentence appealed from is accordingly affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting):

The municipal charge for "Disorderly Conduct" and "Public Drunk," and the State charge, were all filed on the same date, i. e., September 25, 1972; but the municipal authorities elected to prosecute their charges in the Municipal Court on the following October 27th, with full knowledge that the State charge was pending; and thereafter, on November 14th, this trial was had. The same "dual sovereighnty" situation exists herein which was found in Waller v. Florida, supra. See also Barrett v. State, Okl.Cr. 478 P.2d 1016 (1970) and Williamson v. State, Okl.Cr. 474 P.2d 139 (1970). It must be presumed that the municipal authorities were aware of the State charges when they proceeded to try defendant a month after all the charges were filed.

The Oklahoma Constitution, Article 2, § 21, provides:

> "Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

In the early case of Estep v. State, 11 Okl.Cr. 103, 143 P. 64 (1914), this Court held:

> "The term 'same offense,' as used in the constitutional provision, does not signify the same offense eo nomine, but the same criminal act, transaction, or omission."

Title 22, O.S.1971, § 14, provides:

> "No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted, except as herein provided for new trials."

In Estep v. State, supra, the following was also stated:

> "The constitutional guaranty of immunity from a second prosecution is, in its nature, a restraint on the courts, and constitutional provisions for the security of the personal rights of the citizen should be liberally construed."

There can be no doubt concerning the officer's authority for defendant's arrest on the disorderly conduct charge, for allegedly "spitting the burrito" at the officer, but when he did so, he should have informed defendant that he was being placed under arrest, prior to making any physical contact with him. But the record reflects that such was not done. Instead, the officer took defendant by the arm and proceeded to move him toward the police car, and an altercation resulted. Consequently, under the facts presented, it cannot be said that one offense had been completed before

another commenced. The two offenses were the result of the same transaction or event.

Therefore, the municipal prosecution for disorderly conduct and public drunk charges, for which defendant was convicted prior to the instant trial, caused the State charge to fall within the provisions of former jeopardy in 22 O.S.1971, § 14, and also within the prohibition defined in Waller v. Florida, supra. Such being true, defendant's motion to dismiss should have been sustained insofar as the municipal conviction became a bar to the subsequent prosecution on the State charge, under the facts and circumstances herein contained; and further defendant's constitutional right against being twice placed in jeopardy for the same offense was violated by the second trial.

Therefore, I respectfully dissent to this decision.