**Archie Ray THRASHER, Sr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-84-693.**

Court of Criminal Appeals of Oklahoma.

March 17, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Judge:

The appellant, Archie Ray Thrasher, Sr., was charged in the District Court of Carter County, Case No. CRF-83-251, with the offenses of Sodomy, Count I, and Lewd Molestation, Count II. The appellant was tried on both counts. Count I, however, was removed from the jury's consideration by the trial judge, but the appellant was convicted on Count II. His sentence was set at a term of ten (10) years' imprisonment. We reverse.

The prosecutrix, D.W., an eleven-year-old girl, resided at the appellant's residence in Gene Autry, Oklahoma, in January through May of 1983. Also residing in this two bedroom home were the appellant's wife, the prosecutrix' mother, her common law husband, who was also the appellant's son, and four other children. The prosecutrix testified to three incidents of molestation at preliminary hearing, but testified to four such incidents at trial. D.W. was ten years old at the time of the incidents.

The first incident testified to at trial was absent from D.W.'s testimony at preliminary hearing. The prosecutrix testified that on one evening in 1983, the appellant was repairing his lawn mower on the front porch. This incident allegedly occurred three or four days after D.W. had moved into the appellant's residence. The prosecutrix testified that she went outside to watch the appellant, and that he touched her between her legs. D.W.'s clothes remained on at all times during this incident.

The second incident occurred some time later, although D.W. was unable to describe the time span that occurred between the incidents. This incident occurred when the appellant was doing the laundry behind their home. D.W. testified that the appellant put his arms around her, kissed her on the lips, and pulled her pants down and kissed her on the vagina. On cross-examination, D.W. admitted that she had forgotten to testify at preliminary hearing about the appellant wrapping his arms around her.

The third incident occurred under a cement bridge over a nearby stream. D.W. testified that, while under the bridge, the appellant pulled his and her pants down and, while standing, touched their genitals together and penetrated her vagina with his penis. On cross-examination, D.W. admitted that she had not previously told anyone that the appellant had penetrated her vagina because she was too nervous.

The last incident occurred after D.W. and her mother had moved to Springer, Oklahoma. D.W. testified that the appellant picked her up to babysit for his young children. Upon arriving at his residence, the appellant ushered D.W. into his bedroom where he removed her pants, laid her on his bed, removed his pants, laid on top of her and began rubbing his penis against her vagina. About an hour later, the appellant drove D.W. home. Sometime after this last incident, D.W. went to a convenience store in Springer and asked the clerk to call the police because she had been molested.

It was also adduced at trial that D.W. was seeing a social worker because of her propensity to lie, and because of her smoking habits. The record also reveals that D.W. had filed molestation charges against someone when she was living in Texas. The charges were dropped, but the reason is not apparent from the record. The appellant denied ever molesting the prosecutrix.

The appellant raises four assignments of error before this Court. We will address only the second since it has merit. In his second assignment of error, the appellant contends that he was denied his constitutional right to a preliminary examination on the charge for which he was convicted. We agree. The first alleged incident of molestation was absent from the State's Information. Furthermore, D.W. testified to this incident for the first time at trial. In his jury charge, the trial judge instructed the jury as follows:

... Under the law the State is deemed to have elected to prosecute the defendant *for the first of these acts in point of time,* and defendant can only be convicted herein if you find him guilty beyond a reasonable doubt *of the first of these acts.* Evidence of subsequent acts can only be considered by you insofar as you find that they may tend to corroborate the testimony of [D.W.] *as to the first act* by showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident on the part of defendant. [Emphasis added].

The Oklahoma Constitution provides that "[n]o person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." Okla. Const. art. II, § 17. Moreover, this Court has held that a "district court [does] not have jurisdiction to try the defendant unless the defendant [has] actually had a preliminary examination or [has] waived the same." *Wyatt v. State,* 69 Okl.Cr. 93, 100 P.2d 283 (1940). While 22 O.S. 1981, § 304 permits the State to amend an Information after a defendant enters a plea, this Court has held that no amendment to the information in

the trial is permissible, either before or after a plea, which has the effect of charging an offense for which no preliminary examination has been given or waived by the defendant. *Little v. State*, 21 Okl.Cr. 1, 204 P. 305, 308 (1922). Accordingly, since the appellant was not afforded a preliminary examination and the Information was not properly amended, the appellant was denied his constitutional right.

Therefore, for the foregoing reasons, the judgment and sentence of the District Court should be, and hereby is, REVERSED and REMANDED for proceedings not inconsistent with this opinion.

BRETT, P.J., concurs.

BUSSEY, J., dissenting.

BUSSEY, Judge, dissenting:

I must dissent to the reversal of appellant's conviction for five reasons. First, I believe that appellant was properly apprised of the charge against him in the information. Second, the information does not restrict the acts of lewd molestation to only two acts in that the information states that the acts of lewd molestation occurred between February and June of 1983. Third, the appellant failed to designate the preliminary hearing transcript as part of the record, thereby, depriving this Court of the opportunity to review the testimony to determine if appellant was denied a preliminary hearing on the charge for which he was convicted. Fourth, the appellant did not object, at trial, to the victim's testimony concerning the first incident of lewd molestation. Fifth, I believe that evidence against the appellant is clearly sufficient to sustain his conviction, and that it is obvious that a simple change in the order of the evidence would have completely eliminated appellant's contention. I would affirm the judgment and sentence.