**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN PARKER,

Petitioner-Appellant,

v.

RANDALL G. WORKMAN, Warden,
and THE ATTORNEY GENERAL
FOR THE STATE OF OKLAHOMA,

Respondent-Appellee.

No. 05-6119

(W.D. of Okla.)

(D.C. No. CV-03-01581-T)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Petitioner-Appellant Alvin Parker, a state prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the denial of his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. He also moves to proceed in forma

pauperis. We agree with the district court that the COA should not issue because

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Parker has not made a substantial showing of the denial of a constitutional right. Accordingly, we DENY the COA and DISMISS the appeal.

**BACKGROUND**

In 1979 Parker was convicted in an Oklahoma court for robbery with a firearm. In 2003 he sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from the United States District Court for the Western District of Oklahoma. In that petition Parker alleged ineffective assistance of trial counsel based on his attorney's failure (1) to investigate and pursue a defense of voluntary intoxication and (2) to seek a lower sentence or advise him of the possibility of appealing the conviction based on that defense.

The district court denied Parker's petition as well as his application for a COA. The court concluded that voluntary intoxication was not a legitimate defense to the charged crime, so any failure to pursue such a defense was not ineffective. Furthermore, because Parker had not told his attorney that he wanted to appeal, and because voluntary intoxication was not a viable defense, failure to advise Parker of his right to appeal on this ground was not ineffective under *Roe v. Flores-Ortega*, 528 U.S. 470, 479–80 (2000) (holding that counsel has a duty to advise a client about an appeal where "a rational defendant would want to appeal," i.e., "there are nonfrivolous grounds for appeal").

## ANALYSIS

A circuit court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as in this case, a district court "has rejected the constitutional claims on the merits," an applicant meets this standard by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This analysis "requires an overview of the claims in the habeas petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Id.* at 336.

Here, reasonable jurists would not find the district court's assessment of Parker's claims debatable or wrong. Parker concedes the district court properly concluded that voluntary intoxication would not have been a valid defense. (Application for COA at 2.a.) Thus, reasonable jurists would not debate whether counsel was ineffective for failing to raise this defense in the original proceedings or on appeal.

Parker also argues for the first time in his COA application that his attorney should have informed him of his right to appeal because the Oklahoma Court of Criminal Appeals has, in the past, reduced sentences where the defendant was

intoxicated when he committed the crime. (Application for COA at 2.a (citing *Stanley v. State*, 489 P.2d 495 (Okla. Crim. App. 1971) (reducing sentence in the interest of substantial justice); *Vick v. State*, 465 P.2d 767 (Okla. Crim. App. 1970); *Wyatt v. State*, 100 P.2d 283 (Okla. Crim. App. 1940)).) He did not raise this argument in his original petition, claiming instead that he "would have timely appealed the conviction because his intoxication was a valid defense that rendered him incapable of forming the requisite intent." (Petition for Writ of Habeas Corpus at 6.

However, an appellate court typically "will not consider an issue raised for the first time on appeal," especially "where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial." *Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1232–33 (10th Cir. 1997). We, thus, decline to issue a COA based on an argument that was not raised below and would be unreviewable on the merits.

## CONCLUSION

Accordingly, we GRANT Parker's motion to proceed in forma pauperis, but we DENY the COA and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-4-