**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KALEB JERMAINE MYERS, a/k/a
Gurillo,

    Defendant - Appellant.

No. 18-5109
(D.C. Nos. 4:15-CV-00215-CVE-PJC &
4:12-CR-00196-CVE-2)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Defendant Kaleb Jermaine Myers seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). Myers also has an outstanding motion for remand. We deny the request for a COA and the motion for remand.

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## A.	The Certificate of Appealability

A jury convicted Myers of two counts of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); each count alleged Hobbs Act robbery in violation of 18 U.S.C. § 1951 as the underlying crime of violence.

Myers, relying on *United States v. Johnson*, 576 U.S. ---, 135 S. Ct. 2551 (2015), challenges his conviction. He argues that Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause because it is "indivisible," and the least-culpable conduct does not meet the requirements of a crime of violence. *See* Aplt.'s Br. at 15–18. He requests this court issue a COA on this issue.

No "jurist[] of reason" would conclude that Myers' petition states a valid claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Myers himself acknowledges, this court has previously held that Hobbs Act robbery satisfies § 924(c)'s elements clause. *See* Aplt.'s Br. at 19, citing *Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018). Myers argues that *United States v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019) qualifies as "intervening Supreme Court authority" contrary to that prior decision, and that we may therefore reevaluate *Melgar-Cabrera*. Aplt.'s Br. at 20. Specifically, Myers argues that *Davis*, which also dealt with § 924(c) and Hobbs Act robbery, "appears to have suggested" that all of the defendants' § 924(c) convictions in *Davis* were in question. *Id.*

But *Davis* holds only that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. It does not even "appear to suggest" that Hobbs Act robbery is *not* a crime of violence under the elements clause. An examination of the record in *Davis* makes clear that the Hobbs Act robbery count at issue there, Count 7, could be a predicate crime of

2

violence under § 924(c). *See United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018) *aff'd in part, vacated in part* 139 S. Ct. 2319 (2019). However, aiding and abetting a conspiracy to commit Hobbs Act robbery was only covered by the residual clause. *Id.* Because one count was vacated, the defendants were entitled to a full resentencing. *Davis*, --- U.S. ---, 139 S. Ct. at 2336. This procedural posture does not cause us to read *Davis* as support for concluding that Hobbs Act robbery is not a crime of violence under § 924(c).

And even if *Davis* "appeared to suggest" that Hobbs Act robbery might not be a crime of violence under § 924(c)(3)(A), and we could reconsider *Melgar-Cabrera*, we would reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c), and the "elements versus means" argument Myers puts forward does not change that analysis. *See, e.g.*, *United States v. Jefferson*, 911 F.3d 1290, 1296–98 (10th Cir. 2018) (rejecting the same argument Myers makes) *petition for cert. filed*, (U.S. May 17, 2019) (No. 18–9325) *and United States v. Nguyen*, 744 F. App'x 550, 552 (10th Cir. 2018); *see also United States v. Harris*, 761 F. App'x 852, 854 (10th Cir. 2019) (rejecting the argument that *Stokeling v. United States*, --- U.S. ---, 138 S. Ct. 1438 (2018) had any impact on *Melgar-Cabrera*, and denying a COA on those grounds); *accord United States v. Johnson*, 765 F. App'x 415, 416 (10th Cir. 2019). *Melgar-Cabrera* is still binding precedent on this court, and, therefore, Myers has not identified a viable constitutional challenge of his sentence.

**B.      The Motion for Remand**

Myers has also filed a motion for remand, arguing: (1) that the district court should consider in the first instance whether *Davis* impacts the § 924(c) counts; (2) that the district court should consider the application of the First Step Act to Myers' § 924(c) counts; (3) that additional ineffective assistance of counsel claims may have been overlooked, and (4) appointing the same Federal Public Defender's Office to brief the § 924(c) issue that represented Myers at trial created a conflict of interest precluding amendment of Myers' § 2255 motion to include additional claims.

Whatever the merits of these arguments, we cannot remand what is not before us. Myers' request for a COA addressed the *Davis* issue, and we have properly considered it. That question need not return to the district court for it to examine in the first instance. The rest of Myers' arguments are not presented on appeal. His notice of appeal does include the district court's dismissal of his other ineffective assistance of counsel claims, but as the motion for remand acknowledges, its articulated claim is new; and on his conflict of counsel issue, nothing was presented to the district court.[1] *See Kibbe v. Williams*, 392 F. App'x 648, 651 (10th Cir. 2010) ("[w]e possess jurisdiction to address only those issues raised in the notice of appeal") (citing *Foote v. Spiegel*, 188 F.3d 1416, 1422 (10th Cir. 1997)); *see also United States v. VanDeMerwe*, 527 F. App'x 745, 749

---

[1] As to the First Step Act, we agree: the district court is the proper entity to consider modifying Myers' sentence. However, our remanding this matter is not the appropriate vehicle. *See* 18 U.S.C. § 3582(c)(1)(B); *see also United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) ("[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so") (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

(10th Cir. 2013) ("[The defendant] did not make these arguments before the district court. They may not, therefore, form the basis of a request for a COA."); *Parker v. Workman*, 149 F. App'x 753, 755 (10th Cir. 2005) ("[w]e . . . decline to issue a COA based on an argument that was not raised below").

For these reasons, Myers' request for a COA is DENIED, his motion for remand is DENIED, and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

5